HULEHAN, Respondent, vs. THE GREEN BAY, WINONA & ST. PAUL RAILROAD COMPANY, Appellant.

*March 7 — March 22, 1887.*

RAILROADS: MASTER AND SERVANT: NEGLIGENCE. *(1) Obstructions on track: Negligence of co-employee. (2, 3) Knowledge of danger: Contributory negligence: Burden of proof. (4) Damages: Expense for medical attendence. (5) Appeal: Instructions to jury: Specific exception necessary.*

1. The negligence of a section boss in failing to keep the track clear of obstructions at a point where a brakeman was obliged to run along the same for the purpose of coupling cars, thus rendering the performance of that duty unnecessarily dangerous, is the negligence of the company and it is liable for an injury to the brakeman caused thereby.

2 The burden is upon the railroad company to show that the brakeman assumed the risks growing out of such obstructions by remaining in its employ after knowledge thereof.

3. The fact that the brakeman had general knowledge of the neglect of the company to keep its track clear about its wood-yards, does

not conclusively show that he assumed all the risks arising there-from, especially if he did not know of the obstructions on the track at the place where he was injured; and it is a question for the jury in such a case whether he was guilty of negligence in re-maining in the employ of the company.

4. In an action for personal injuries, reasonable expenses for medical attendance are a proper element of damages.

5. Where an instruction states the different matters to be considered in estimating damages, an exception should be to the specific matter claimed to be improper and not to the whole instruction.

APPEAL from the Circuit Court for *Trempealeau* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The plaintiff was a brakeman on the defendant's road, and received an injury while in its employ. At the time the injury was received he was in the act of coupling cars of said company on said road in the usual course of his employment. This action was brought to recover damages of said company for the injury so received. The grounds upon which the plaintiff seeks to charge his injury to the negligence of the company are set forth in the complaint substantially as follows: That it was the plaintiff's duty, as such brakeman, to go between the freight and other cars for the purpose of coupling and uncoupling the same, using the appliances therefor provided by the company, and that it was the duty of the company to provide safe and suitable appliances therefor, and to keep its track in repair and free from obstructions, as well along the side of the track as within it, so as not unnecessarily to expose its employees to danger of personal injury; that, notwithstanding the duty of the defendant in the premises, "the defendant, on the 18th of November, 1882, and for a long time prior thereto, carelessly and negligently suffered and allowed loose blocks of fire-wood to be scattered about near its said track, and along and close to the margins thereof, near Plover station, on the west side of said road, where the

plaintiff and other brakemen were obliged, in performing their duties, to run along the side of said track and couple and uncouple cars, thereby rendering it unnecessarily dangerous to said plaintiff and other brakemen in the performance of their duties."

The complaint then states the manner in which the plaintiff was injured as follows: " That on or about the said 18th day of November, 1882, and at or near the said place or station called Plover, while the said plaintiff was in the employ of said defendant as aforesaid, it became the duty of said plaintiff, as brakeman, and necessary, that he should go quickly between a box car and a flat car to make a coupling, so called,— that is, to couple the box car, which was being pushed towards the flat car which was standing, to the flat car; that said plaintiff attempted to do so, as he was in duty bound to do, when his toe or foot struck against one of the said pieces or blocks of wood or fire-wood, without any negligence or carelessness on his part, but wholly through the shiftlessness and carelessness of the said defendant as hereinbefore set forth, and said plaintiff was thrown with great force, head first, in between said cars, and to save himself from being cut in two he caught hold of the draw-bar of the flat car at the same time as the draw-bar of the box or moving car came in collision with it, smashing two fingers of the left hand of said plaintiff, and permanently and for life maiming and crippling a third finger, so that two fingers had to be cut off entirely, and the third left comparatively useless; that said accident was caused wholly by the shiftlessness and carelessness of said defendant in allowing its said track, and the margins thereof, to be incumbered and obstructed by the said loose blocks of wood, and without any fault whatever on the part of said plaintiff."

The defendant company demurred to this complaint on the ground that it did not state facts sufficient to constitute

a cause of action. The circuit court overruled the demurrer. From the order overruling such demurrer the defendant appealed to this court, and upon such appeal this court affirmed the said order, holding that the complaint did state facts sufficient to constitute a cause of action. See 58 Wis. 319–323. The cause was remitted to the circuit court, and the defendant answered the complaint by admitting that it was a corporation and operated a railroad as alleged in said complaint; admitted the employment of the plaintiff as alleged in the complaint, and that by such employment it was his duty to couple and uncouple cars on said railroad as occasion should require. As to all the other allegations of the complaint the answer was a general denial.

On the trial in the circuit court the jury were directed to find a special verdict, and they found a special verdict as follows: "(1) Were the injuries complained of by the plaintiff caused by the negligence of the defendant? *Answer.* Yes. (2) If you answer the first question in the affirmative, state in what such negligence consists. *A.* In allowing sticks or blocks of wood to remain along the track. (3) At the time of plaintiff's injury, how long had sticks or blocks of wood, substantially as they remained at the time of the injury, existed along the track where plaintiff was injured? *A.* Several days. (4) Did the existence of such blocks or sticks of wood make it dangerous for brakemen to couple cars at the place of the injury? *A.* Yes. (5) Were the sticks or blocks of wood along the track at the place of injury allowed to fall there by the employees on the train in loading the tender? *A.* Yes. (6) Of the defendant's employees, whose duty was it to remove such blocks and sticks? *A.* Section foreman. (7) Did not the blocks or sticks exist along the track substantially the same at the time of the injury as at the time when plaintiff commenced work as brakeman? *A.* Yes; about the same. (8) Did plaintiff know of such blocks and sticks existing along the track at

the time of the injury in question?  A.  No.  (9)  At what sum do you assess the plaintiff's damages?  A. $1,300."

After the rendition of the special verdict, and at the same term, the defendant moved the court for a judgment in its favor on such special verdict.  This motion was denied by the court, and the defendant excepted, and thereupon moved the court, on the judge's minutes, for a new trial and to set aside the verdict, on the grounds stated in the printed case. This motion was also denied, and the defendant excepted. On the plaintiff's motion, judgment was rendered in his favor on said verdict, and from said judgment the defendant again appeals to the court.

For the appellant there was a brief by *Ellis, Greene & Merrill*, and oral argument by *Mr. Greene*.  To the point that the burden of proof was on the plaintiff to show that he did not know of the danger incurred by remaining in the service, they cited Wharton on Neg. sec. 243; Wood on M. & S. secs. 382, 419; *Walsh v. Peet Valve Co.* 110 Mass. 23; *Williams v. Clough*, 3 Hurl. & N. 258; *Wonder v. B. & O. R. Co.* 32 Md. 411; *Warner v. Erie R. Co.* 39 N. Y. 468; *Skipp v. E. C. R. Co.* 9 Exch. 223; *Riley v. Baxendale*, 6 Hurl. & N. 445; *Beaulieu v. Portland R. Co.* 48 Me. 291.

*E. C. Higbee*, for the respondent.

TAYLOR, J.   We think the decision upon the demurrer in this case must be held as conclusive upon the appellant that it was negligence on its part to permit its track to be incumbered with sticks and blocks of wood in the manner alleged in the complaint, at all places where the plaintiff was called upon to perform his duties in coupling or uncoupling the cars of the defendant.  The allegation in the complaint is " that it was the duty of the company to provide safe and suitable appliances for coupling and uncoupling its cars, and to keep its track in repair and free from obstructions, as well along the side of the track as within it, so as

not unnecessarily to expose its employees to danger of personal injury," and it then alleges facts showing that such duty had not been discharged by the company. This court having held that the complaint stated facts constituting a cause of action, it would seem that if, upon the trial, the facts are proved which are alleged in the complaint as establishing the neglect of such duty imposed by law upon the defendant to be discharged towards the plaintiff, its employee, the defendant cannot be heard to say in this case that no such duty rested upon it. That question was settled against him on the former appeal. The only questions to be determined upon the trial of the case are: (1) Has the plaintiff established by proofs the facts set up in the complaint as constituting the negligence charged against the company? (2) Whether such negligent acts, if proved, were the cause of the injury to the plaintiff. (3) Whether the plaintiff had such knowledge of the neglect of the company in respect to these matters, that he must be presumed to have assumed the risk of such neglect?

In this view of the case it was incumbent on the plaintiff to show affirmatively that at the time the accident happened the track, at the place where he was called upon to couple the cars, was in an unsafe condition by reason of sticks and blocks of wood lying along-side of and near the track; that such sticks and blocks of wood caused his injury; and that such obstruction of the track was either known to the company or had existed for such length of time before the accident as to constitute notice to the company that the track was in an unsafe condition at that place. These facts are all found by the jury in favor of the plaintiff, and we think upon evidence which is sufficient to support such findings. That the first two propositions are amply sustained by the evidence there can be no serious question. As to the third, the evidence is not so satisfactory. Still there was undoubtedly sufficient evidence to send that question

to the jury; and, they having found substantially in favor of the plaintiff on that point under proper instructions by the court, the finding cannot be disregarded by this court.

The learned counsel for the appellant insists that the question whether negligence in keeping the roadway in a safe and suitable condition is negligence which, as between the plaintiff and the company, must be chargeable upon the company or upon a co-employee of the plaintiff, is an open question in this case, and he has submitted a very able argument upon the hearing to satisfy the court that the neglect of the company's servant who is charged with the duty of keeping the track clear of obstructions and in a safe and suitable condition for use by those employees whose duty it is to use the same, is the neglect of a co-employee, for which the company is not chargeable. While, as said above, we think the question is not an open question in the case at bar, we are of the opinion that under the proofs in this case and the decisions of this court the negligence in permitting the roadway to be obstructed with sticks and blocks of wood was the negligence of the company, and not merely the negligence of a co-employee of the plaintiff, within the rules of law which hold that one employee cannot recover of the master damages for injuries caused by the negligence of a co-employee. Whatever may be the rule of other courts upon this point, we think the following cases in this court settle the rule against the contention of the learned counsel: *Smith v. C., M. & St. P. R. Co.* 42 Wis. 520; *Brabbits v. C. & N. W. R. Co.* 38 Wis. 289; *Wedgwood v. C. & N. W. R. Co.* 41 Wis. 478; *Schultz v. C., M. & St. P. R. Co.* 48 Wis. 375; *Dorsey v. P. & C. Const. Co.* 42 Wis. 583; *Bessex v. C. & N. W. R. Co.* 45 Wis. 479. And my individual opinion is that the rule as stated in the cases above cited is sustained by the great weight of authority in this country.

The learned counsel for the appellant insists that the evi-

dence discloses that the plaintiff had full knowledge of the alleged obstruction of the defendant's track which caused his injury, before the accident happened; and, if he remained in the employ of the company after such knowledge on his part, he assumed all the risks growing out of such obstruction. This alleged state of facts is matter of defense, and need not be negatived by the plaintiff in making out his case. The burden of this defense is, under the rules established in the courts of this state, upon the defendant. See *Randall v. N. W. Tel. Co.* 54 Wis. 147; *Hoth v. Peters*, 55 Wis. 405; *Kelly v. C. & N. W. R. Co.* 60 Wis. 480; *Hough v. Railway Co.* 100 U. S. 225; *McNamara v. Clintonville*, 62 Wis. 207. See, also, *Ind. & St. L. R. Co. v. Horst*, 93 U. S. 291; *Railroad Co. v. Gladmon*, 15 Wall. 401. This question was also submitted to the jury, and they found in favor of the plaintiff.

It is urged that this finding is wholly unsupported by the evidence. We think otherwise. The evidence shows that the plaintiff, when he received his injuries, had only been in the defendant's employ as a brakeman about two weeks; that he knew there was wood scattered along the track near the wood-piles on the road, but that he had not noticed that wood was scattered along the track at the place where he was injured. His testimony is the only testimony given on the trial on the question. His evidence shows that he had a general knowledge of the neglect of the company in keeping its tracks clear about its wood-yards. There is, however, no evidence showing his knowledge of the condition of the track at the place where the injury occurred. This evidence is not conclusive upon the plaintiff that he assumed all risk which arose from such neglect of the company. Even had he known of the existence of the wood lying along the side of the track at the place where he was injured, it would not be conclusive against him. He might have had a general knowledge of the defects of the road,

but may not have had such knowledge of the dangerous character of such obstructions as to absolutely charge him with the assumption of all the risks arising from such obstructions. Notwithstanding his knowledge of the fact of the obstructions, still it was a question for the jury whether he was guilty of negligence in remaining in the employ of the defendant after such knowledge. For this reason, and because there was no evidence that he had knowledge of the particular obstruction which caused the injury, we cannot say that the verdict of the jury upon this question is against the evidence. See *Spearbracker v. Larrabee,* 64 Wis. 578; *Wheeler v. Westport,* 30 Wis. 392; *Cuthbert v. Appleton,* 24 Wis. 387; *Russell v. M. & St. L. R. Co.* 32 Minn. 230; *Cook v. St. P., M. & M. R. Co.* 34 Minn. 45.

The appellant excepts to a few isolated sentences in the charge of the court. As we understand it, one exception to the charge is that the judge seemed to assume that there was a stick of wood near the track where the accident happened, and that the plaintiff stumbled over the same. Upon this question there is no conflict of evidence. The plaintiff states positively that there was a stick of wood lying on the end of the ties, and that he fell over it, and to save himself he threw up his hand and so received the injury. We think the learned judge might well assume that this fact was proved in the case, in the absence of any request that the fact should be submitted to the jury as a fact disputed by the defendant. Another objection to the instructions is that they ignore the question whether the negligence was not that of a co-employee. This objection has been disposed of above in this opinion.

It is further objected that the judge erred in stating to the jury that, in estimating the plaintiff's damages, "he would be entitled to such a sum as he reasonably expended for the purpose of being cured of his injury, and such sum as he lost for his earnings by reason of the time which was

Hulehan vs. The Green Bay, Winona & St. Paul R. Co.

necessarily lost by his injury. He is also entitled to such sum as will fairly compensate him for the disfigurement of his person and the impaired use of his hand." It is urged that in this statement the court improperly included "what he had reasonably expended for the purpose of being cured of his injuries." There can be no doubt that this is a proper item of damages in cases of this kind. But it is urged that the plaintiff failed to show by his evidence that he had expended any particular sum for that purpose, and therefore the jury ought not to take that into consideration. He did show that he had the care of two doctors, one immediately after his injury, and another a day or two after, who amputated his fingers. There are two reasons why the defendant ought not now to avail himself of this objection: *First*, because the rule as stated was the correct rule, and, if not applicable to the facts of the case because of the absence of any evidence showing the amount of his expenses in being cured, the defendant should have called the attention of the court to that fact; and a *second* and perhaps better reason why the defendant should not now avail himself of the objection is that the exception was not to the particular fact which is now alleged to be error, but to the statement as a whole. The exception was not, therefore, sufficiently specific, as it is admitted that most of the matter excepted to was properly given to the jury. Had the specific exception been taken at the trial which is now taken, it is highly probable that the error, if any, would have been corrected on the spot.

On the whole record, the case seems to have been fairly tried, and the damages awarded are moderate, considering the extent of the plaintiff's injuries.

*By the Court.*— The judgment of the circuit court is affirmed.

See notes to this case in 32 N. W. Rep. 529.— REP.