McClarney vs. The Chicago, Milwaukee & St. Paul R. Co.

McClarney, Respondent, vs. The Chicago, Milwaukee & St. Paul Railway Company, Appellant.

*September 29 — October 20, 1891.*

Railroads: *Injury to employee by derailment of car: Duty to keep tracks free from snow, etc.: Evidence: Instructions.*

1. It is the duty of a railroad company to its employees to keep its track free from obstructions, such as ice, snow, and rubbish, which endanger the safety of those operating the road. Cole, C. J., is of the opinion that in this latitude the company is bound to anticipate snow-falls in March, and should keep its track in such a condition that a light fall (such as two inches) would not render it dangerous.

2. In this case, the defendant's yardmaster having been injured by the derailment of an empty box car upon which he was riding in the yard, the testimony of witnesses who examined the track soon after the accident that at the point where the car left the rail there was considerable ice, dirt, snow, and chaff, which came up to and between the flanges of the rail and pretty close to the top of the rail, is *held* to warrant a verdict to the effect that the injury was caused by defendant's negligence in that respect.

3. It being alleged that the company was negligent in allowing the spaces between the tracks in the yard to become filled with snow and rubbish, but it not appearing that the snow piled between the tracks contributed in any way to the accident, it was error to refuse to instruct the jury that they could not find the defendant liable by reason of such piles.

APPEAL from the Circuit Court for *Eau Claire* County. Action to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. The facts will sufficiently appear from the opinion. There was a verdict in favor of the plaintiff assessing his damages at $15,000, and from the judgment entered thereon the defendant appeals.

For the appellant there were briefs by *John T. Fish* and *M. Griffin,* attorneys, and *John W. Cary* and *Burton Hanson,* of counsel, and the cause was argued orally by *Mr. Fish.* They contended, *inter alia,* that the allegations of

McClarney vs. The Chicago, Milwaukee & St. Paul R. Co.

negligence were not sustained by the proof, and the court should have directed a verdict for the defendant. There was no testimony showing the condition of the track, at the place where the car left the rail, *before* the accident occurred. And there is no proof that the snow, dirt, and ice which the witnesses saw *after* the accident were the cause of the trucks leaving the track. If there was negligence on the part of the section men in the care of the tracks, it was the negligence of fellow servants. *Cooper v. M. & P. du C. R. Co.* 23 Wis. 668; *Toner v. C., M. & St. P. R. Co.* 69 id. 190; *Luebke v. C., M. & St. P. R. Co.* 63 id. 91; *Berg v. C., M. & St. P. R. Co.* 50 id. 419; *Schultz v. C. & N. W. R. Co.* 44 id. 638; *Ditberner v. C., M. & St. P. R. Co.* 47 id. 138. See, also, *Johnson v. Boston Tow-Boat Co.* 135 Mass. 209; *McGee v. Boston Cordage Co.* 139 id. 445; *Smith v. Lowell Mfg. Co.* 124 id. 114; *Rice v. King Philip Mills*, 144 id. 229; *Webber v. Piper*, 109 N. Y. 496; *Theleman v. Moeler*, 73 Iowa, 108; *Piquegno v. Chicago & G. T. R. Co.* 12 Am. & Eng. R. Cas. 210.

For the respondent there was a brief by *V. W. James*, *Jno. H. Mullen*, and *Davis, Kellogg & Severance*, attorneys, and *C. K. Davis*, of counsel, and the cause was argued orally by *C. K. Davis*. To the point that the evidence of the defendant's negligence was sufficient to support the verdict, they cited *Hulehan v. G. B., W. & St. P. R. Co.* 68 Wis. 520; *Bessex v. C. & N. W. R. Co.* 45 id. 477; *Dorsey v. Phillips & C. Const. Co.* 42 id. 583; *Spearbracker v. Larrabee*, 64 id. 573; *Robel v. C., M. & St. P. R. Co.* 35 Minn. 84; *Snow v. Housatonic R. Co.* 8 Allen, 441; *Waldhier v. H. & St. J. R. Co.* 87 Mo. 46; *Dale v. St. L., K. C. & N. R. Co.* 63 id. 455; *Porter v. H. & St. J. R. Co.* 71 id. 71; *Sioux City & P. R. Co. v. Finlayson*, 18 Am. & Eng. R. Cas. 71; *Devlin v. W., St. L. & P. R. Co.* 28 id. 524; *McDade v. W. & G. R. Co.* 26 id. 325; *Johnson v. St. P., M. & M. R. Co.* 43 Minn. 53. That the defendant cannot

McClarney vs. The Chicago, Milwaukee & St. Paul R. Co.

escape liability on the ground that the negligence was that of a co-employee of the plaintiff, see, also, *Stetler v. C. & N. W. R. Co.* 46 Wis. 497; *S. C.* 49 id. 609; *Luebke v. C. & N. W. R. Co.* 59 id. 132; *Brabbits v. C. & N. W. R. Co.* 38 id. 289; *Drymala v. Thompson*, 26 Minn. 40; *Maddon v. M. & St. L. R. Co.* 32 id. 303; *Lewis v. St. L. & I. M. R. Co.* 59 Mo. 505; *Hall v. M. P. R. Co.* 74 id. 298; *Chicago & N. W. R. Co. v. Swett*, 45 Ill. 197; *Illinois Cent. R. Co. v. Welch*, 52 id. 183; *Torians v. R. & A. R. Co.* 84 Va. 192; *Moon v. R. & A. R. Co.* 78 id. 745; *Houston & T. C. R. Co. v. Dunham*, 49 Tex. 181; *Davis v. C. V. R. Co.* 55 Vt. 84; *Calvo v. C., C. & A. R. Co.* 23 S. C. 526; *St. Louis & S. F. R. Co. v. Weaver*, 35 Kan. 412; *Moore v. A., T. & S. F. R. Co.* 29 id. 632; McKinney, Fellow Servants, 78.

COLE, C. J.   The plaintiff bases his right to recover damages for the injury which he sustained on the negligence of the defendant company to keep its track in a safe and proper condition.   The particular negligence alleged in the complaint was its failure to keep the flanges of the rail properly cleared from ice, snow, dirt, and rubbish, and in allowing the spaces between the tracks to become filled with snow, ice, and dirt, so that the track was dangerous to those operating its road.   The plaintiff was yard-master of the station where he was injured, and his duties consisted in making up trains, handling cars, and placing them where they were wanted.   On the morning of the 9th of March, 1888, while engaged in moving cars in the yard, an empty box-car, on the top of which he was riding, was derailed, and he was thrown from it and very seriously injured. What caused this derailment of the car is the real point in controversy.   The contention of the plaintiff was, and is, that it was caused by the neglect and failure of the defendant to keep the track at the place of derailment properly flanged out, or the flanges of the rail clear from ice, snow,

dirt, and other material, and that, as a consequence, the forward trucks of the car on which he was standing ran off the track. On the other side it is insisted that the evidence fails to show that this was the cause of the accident, and that, at the place where the truck left the rail, there was any accumulation of ice, snow, or rubbish, which made the track unsafe; in other words, that no actionable negligence is shown.

It would seem hardly necessary to state that it was the duty of the defendant to keep its track free from obstructions which render the moving of cars upon it dangerous to its employees, and that the company is under obligation to see that this duty is performed by some one. Of course, it would follow that it was bound to keep its track properly flanged, and free from dangerous obstructions, such as ice, snow, and rubbish, which endangered the safety of those operating its road. This is the duty and obligation of the company, as this court has frequently stated, and the rule is founded in reason and authority. At all events, that is the established doctrine of this court. We deem it only necessary to refer to the cases of *Dorsey v. Phillips & C. Const. Co.* 42 Wis. 583; *Bessex v. C. & N. W. R. Co.* 45 Wis. 478; *Hulehan v. G. B., W. & St. P. R. Co.* 68 Wis. 520,— where the law is fully discussed. In whatever aspect the question has arisen, it has been uniformly held by this court that the duty of the master to the servant, or his implied contract with the servant, required that the servant should be under no risk from imperfect or inadequate machinery, or from unskilful or incompetent fellow-servants of any grade. This is a duty or implied contract which the master must perform by himself or by some other, and until it is performed his duty from the implied contract is not kept or fulfilled.

In the case at bar it is insisted that there was no testimony given which would warrant an inference or finding

that the track where the car was derailed was unsafe in consequence of accumulations of ice, snow, dirt, or other material on it, and that such track had not been properly flanged out. We do not so understand the testimony. Several of the witnesses testified, in effect, that they examined the track soon after the accident, and found at the place where the car left the rail that snow and dirt came up to and between the flanges, and that there was considerable in between the flanges between the track. It was ice and dirt, hard snow, and chaff. There was considerable of it all through there to the place where the plaintiff fell. It came pretty close to the top of the rail. The wheel left the track at that point. (The testimony of Schwirtz.) Hugley testified to the same condition of things, as did Murdock and Balow. So that there was abundant evidence in the case from which the jury might have found that the track was not cleared or properly flanged, and that this may have caused the car to leave the rail. True, there was a sharp conflict of testimony on the point, but it cannot fairly be claimed that the negligence charged was wholly unsupported by the proof given on the trial.

There were other tracks in the yard, and for some time prior to the accident the snow which fell from time to time was shoveled or thrown between these tracks. This condition of things had continued nearly all winter, and snow between the tracks was piled up to the depth of two or three feet. The snow was quite close to the rails on the outside, and tapered up, angling. It likewise appeared that, about the 1st of March, there was quite a fall of sleet and snow, which, it was claimed on the part of the defendant, had been removed from between the rails, and that on the night of the 8th of March there was a further fall of an inch and a half or two inches of damp snow. This last fall had not been cleared off on the morning of the 9th of March, when the plaintiff commenced work moving cars in

McClarney vs. The Chicago, Milwaukee & St. Paul R. Co.

the yard. The learned circuit court held, and, as we think, properly, that, if the accident was caused by the new-fallen snow of the previous night, no negligence could be imputed to the company for not having removed it, because it had not had sufficient time to do so before the accident. But the court further added: "But if old snow and ice had negligently been allowed to accumulate and become packed together, as claimed by the plaintiff, so that such a slight fall of snow as fell that night, and which is common in this country, and the jury find that but for such previous accumulation it would not have been dangerous, but, falling upon such old accumulations, the two together caused the accident, both contributing thereto, the defendant should be held liable for the result of the accident thus caused, because but for such negligence it would not have happened." This charge was excepted to by the defendant, but, in my judgment, it stated the law correctly. This, however, is my individual opinion, for which my associates are not responsible; but it seems to me, in this latitude, that the company is bound to anticipate snow-falls in the month of March, and it should so prepare and arrange its track that such a light fall as two inches would not render its track dangerous. It is bound to provide for and guard against such contingencies which are so likely to happen.

While it is alleged that the company was negligent in allowing the spaces between the tracks to become filled with snow and rubbish, yet it does not appear that such negligence caused or contributed in any way to the injury. A party must, of course, trace his injury to the negligent act, or, in other words, the negligence must be the proximate and direct cause of such injury. Now, had the plaintiff been injured while passing from one track to another through the snow in order to perform an act in the line of his duty, there would be ground for saying that the negligence of the company in placing or leaving the snow where

it did caused the injury.   But that was not the case.   It is obvious the car was derailed by something on or near the rail on which it was moving.   It does not appear that the snow that was piled between the tracks in the yard contributed in any way to the accident.   The defendant asked several instructions, only two of which were given by the court.   The refusal to give such instructions was excepted to.   We think the fourth instruction was applicable to the evidence in some phases of it, and should have been given. It is as follows: " The court instructs you that you cannot find the defendant liable in this case by reason of the piles of snow which were between the tracks of the yard in which the plaintiff was employed at the time of the accident."   The correctness of this instruction is obvious from the remarks which we have already made, and the refusal to give it was error.

Some other points were discussed on the argument relating to the admission of evidence and that the verdict was excessive.   We shall express no opinion upon these points, but reverse the judgment, and send the case back for a new trial, because of the refusal of the court to give the instruction just referred to.

*By the Court.*— The judgment is reversed, and a new trial ordered.