Jarnek vs. Manitowoc Coal & Dock Co.

JARNEK, Respondent, vs. MANITOWOC COAL & DOCK COMPANY, Appellant.

*October 27 — November 16, 1897.*

*Master's liability for injury to servant caused by negligence of foreman.*

In an action for a personal injury received by plaintiff, while working with a gang employed in moving coal, by the fall of a timber placed overhead to which the rope and pulleys for hoisting the coal were attached, it appeared that a timber so placed was not a customary appliance for moving coal, and this one was not made reasonably safe for that use; that the putting up of the timber was entirely independent of the work of moving the coal; that the responsibility for the safe placing of the timber devolved upon the foreman; and that the same was put up by carpenters in the employ of the master, by direction of such foreman. *Held,* that the foreman represented the master, and the latter was liable for his negligence in that respect.

APPEAL from a judgment of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge. · *Affirmed.*

Action to recover ·for personal injuries. Plaintiff was injured while in the employ of defendant, working as a coal trimmer or shoveler, at its coal dock. This action was brought to recover compensation therefor, upon the theory that it was the result of actionable fault on the part of the defendant in failing to furnish plaintiff with a reasonably safe place to work.

The circumstances of the injury were substantially as follows: Plaintiff, and others associated with him, were engaged in taking coal from a bin and conveying it by the aid of machinery and putting it into a loading chute. Plaintiff's part of the work was to stay in the chute and level off the coal with a shovel. There was a timber about eight inches in diameter and twenty feet long, placed close up under the roof at a considerable distance above where plaintiff was working, which was kept in place by resting each end on the roof joist that supported the rafters. Whether it was fastened at the ends or not was one of the questions in dispute. Suspended from about the center of the timber was a rope and pulleys, to which was attached a coal bucket. The rope led off to a stationary engine, by means of which, when the bucket was filled with coal, it was hoisted up and then swung over the coal chute or a slide connected therewith, and the coal then dumped into the chute by dropping the bottom of the bucket, which was on a hinge and arranged for that purpose. After the work had progressed for some time, and while a bucket of coal was being raised, the timber overhead was pulled to the east, that being in the direction of the pull by the engine, so that the timber dropped down upon plaintiff's head and seriously injured him.

The chief controversy in the case, upon the trial in the court below, was whether the negligent placing of the timber was chargeable to the defendant or to a fellow-servant.

Jarnek vs. Manitowoc Coal & Dock Co.

The evidence showed that the timber was put in place some little time before the work commenced. The defendant contended that the plaintiff formed one of a crew sent to do the work of removing the coal from the bin to the loading chute, and that such work required the putting up of the timber and adjusting the appliances in order to do the work, so that if the falling of the timber was attributable to its being improperly put up, it was the negligence of a fellow-servant. Plaintiff, on the contrary, contended that there were carpenters in defendant's employ upon whom devolved the duty of putting up, and who did in fact put up, the timber; that plaintiff and his associates had nothing to do with that branch of the work.

Defendant's counsel, upon their theory, moved the court to direct a verdict in defendant's favor, which was denied. The jury then found specially that the slipping of the timber was the proximate cause of the injury; that the timber was insecurely fastened; that such insecure fastening was the cause of the timber slipping; that it was not a mere accident that reasonable care could not have foreseen; that the foreman of the dock was invested with full power to construct and keep in repair the appliances for handling the coal; that he did not know of the insufficiency of the timber, but might have known it by the exercise of ordinary care; that plaintiff was not guilty of any contributory negligence; that his damages were $3,500. There was the usual motion for a new trial upon all the grounds necessary to cover the questions raised on the appeal. Judgment was rendered in plaintiff's favor upon the verdict, and defendant appealed.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *E. P. Vilas*.

For the respondent there was a brief by *Schmitz & Kirwan*, and oral argument by *A. J. Schmitz*.

MARSHALL, J. Familiar principles of law govern this case. It is the duty of the master to furnish his servant with rea-

sonably safe and suitable tools and machinery to work with, a reasonably safe place in which to do his work, and reasonably competent and safe co-employees where co-employees are needed. Ordinary care and prudence in the performance of such duty is personal and absolute, and if its performance be delegated by the master to another, negligence in that regard, by such other, will be imputed to the master. But where the duty has been performed and a personal injury to an employee nevertheless occurs through the negligence of a co-employee in the use or management of the tools or machinery furnished or otherwise, the wrong is solely that of such co-employee, and the master is not liable. *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338, is a conspicuous example of the last rule stated; and *Cadden v. American Steel Barge Co.* 88 Wis. 409; *Eingartner v. Illinois Steel Co.* 94 Wis. 70; *Promer v. M., L. S. & W. R. Co.* 90 Wis. 215; and *McClarney v. C., M. & St. P. R. Co.* 80 Wis. 277, of the first rule stated.

The sole question here is, Within which of the rules does this case come? If the putting up of the timber was a part of the work of moving the coal, in which plaintiff and his associates were engaged, then the negligence complained of was that of a co-employee. If such putting up of the timber was separate and distinct from the work of adjusting the appliances to it, or from using the appliances, when so adjusted, to move the coal, and plaintiff had no duty to perform in respect to the safety of the timber, then the negligence which caused his injury was that of the defendant. The jury found that the foreman, Leverenz, was vested with the duty of constructing the appliances for handling the coal. That seems to negative the idea that plaintiff had any duty to perform in that regard, but counsel for defendant contend that the evidence conclusively shows that plaintiff was one of a crew whose duty it was to move the coal; that the construction of the appliances to do the work naturally included, and in fact did include, the putting up of the timber,

hence that the negligence that produced the injury was that of a co-employee. On that theory it is insisted that the motion to direct a verdict in defendant's favor should have been granted, and that the verdict rendered should have been set aside as contrary to the evidence.

After a careful consideration of all the evidence bearing on the question presented, it is considered that it not only does not support the view taken by defendant, but that it pretty conclusively shows that the putting up of the timber was entirely independent of the work of using it to move the coal, and that the duty as to the former devolved upon the foreman, who represented the master, as found by the jury. The foreman, in testifying as to the appliances which the men usually put up, does not mention the timber to which the appliances were attached. The timber took the place of a boom, with which all pockets, except the one where the accident occurred, were furnished as permanent structures. The foreman testified that, there being no boom at the pocket, he directed Bry to put up the timber. Bry appears, satisfactorily, to have been a person specially employed to do mechanical work when there was such work to do. It was on that account that he was sent to put up the timber. The foreman further testified that the appliances the men usually put up consisted of a slide, line, block, bell cord, bell line, and bucket. He did not say that the timber was included. The evidence further shows that Bry put up the timber as he was directed to do, with the help of another person he called to assist him, and it strongly tends to show that plaintiff did not have anything whatever to do with it.

In view of the condition of the evidence stated in what has preceded, we cannot say that there is no evidence to sustain the finding of the jury that the responsibility for the safe placing of the timber was on the foreman, or that the court erred in the effect given to such finding in the final

disposition of the case. The tools and machinery with which plaintiff was working when injured, and his working place,. were not reasonably safe. Ordinary care was not used to make them safe. The negligence of the foreman in that regard is imputable to the defendant. That was the legal effect of the verdict, within the rule of *Cadden v. American Steel Barge Co.* 88 Wis. 409, and *Eingartner v. Illinois Steel Co.* 94 Wis. 70, as found by the court.

No error is found in the record.

*By the Court.*— The judgment of the circuit court is affirmed.