MUELLER, Administrator, Respondent, vs. NORTHWESTERN IRON COMPANY, Appellant.

*May 4—June 23, 1905.*

*Master and servant: Negligence: Personal injuries: Instructions to jury: Special verdict: Trial: Reception of evidence: Contribu-tory negligence: Assumption of risk: Appeal and error.*

1. It is the duty of a master to provide and maintain for his em-ployees a reasonably safe place for the doing of their work, and whether such duty was performed or not is a question for the jury, under proper instruction.

2. The rule requiring the master to furnish his servant with a rea-sonably safe working place calls only for a working place free from all dangers which a person in the circumstances of the master, in the exercise of ordinary care, ought to know of, and which, under the circumstances, the servant, in the exercise of ordinary care, is not legally chargeable with knowledge of.

3. In an action for personal injuries to a servant the court charged the jury, without exception, to the effect that if they were unable

to say, in answer to the question: Were there any defects in the partition in question in this case? whether the partition which gave way was constructed by the defendant in a reasonably safe manner, then that it was their duty to answer that question in the affirmative, and that they could only answer that question in the negative in case they were satisfied and believed from all the evidence that such "partition was not constructed in a reasonably safe manner." After again calling their attention to the words "reasonably safe" the court continued: "The law does not require the defendant company to construct partitions which are absolutely safe, because the phrase 'reasonably safe' measures the obligation or duty that rested on the defendant company in the construction of the partition in question." The portion quoted was excepted to, but no instruction was given or requested defining ordinary care. *Held*, that the duty imposed upon the defendant by the portion of the charge in question was the exercise of ordinary care under the circumstances, and that the issue was thereby properly submitted and the duty imposed by law upon the defendant properly stated.

4. In such case the court refused a requested instruction: "An employer is not bound to anticipate every possible risk or accident which may happen to an employee from the premises or appliances in use. He is only obliged to use ordinary care in furnishing premises and appliances which are reasonably safe and suitable. If the employer has done this, and, notwithstanding, an accident occurs, such accident is one of the ordinary risks of the employment which the servant assumes in entering the employment." *Held*, had this instruction been given it would still have left it for the jury to determine whether the "premises and appliances" so furnished were "reasonably safe and suitable," and would not have given the jury any information as to the standard of care not contained in the portion of the charge to which exception was taken.

5. Such requested instruction was general and misleading, and in conflict with the rules announced by the supreme court.

6. In an action for personal injuries, in submitting a question of a special verdict, the jury were directed that if, in answer to a previous question, they found that the appliance causing the injury was not constructed by the defendant in a reasonably safe manner, and to another question that such appliance was not maintained in a reasonably safe condition by the defendant, then to answer the question: "Was such condition known to the defendant company, or ought it to have been known to said company?" The jury answered this question "Yes" and the two preceding questions "No." *Held*, that there was no uncertainty in the answer to the question thus submitted.

7. In such case the question submitted was not double, since the word "condition" manifestly related to the unsafe condition found by the jury to exist at the time of the injury.

8. In an action for personal injuries, the injury was occasioned by the breaking down of a partition in a bin whereby a quantity of iron ore was precipitated on plaintiff's intestate. It appeared in evidence that all the bins had been in use about three years and were constructed very similar to the one in question, and thereupon objection was sustained to the question: "During the three years that those bins have been used, have ever any of the partitions come down previous to the time this one came down?" *Held*, that the objection was properly sustained, the real issues involved being whether the bin in question was in a reasonably safe condition at the time of the injury, and, if not, whether the defendant knew or ought to have known of the defect.

9. The fact that such partition actually fell at the time of the injury at least tended to prove that it was unsafe.

10. Failure to submit to the jury the questions of contributory negligence and assumption of risk is not error where there was no request to submit such questions, and no evidence to support a finding of such negligence or assumption had they been submitted.

11. No error is committed in excluding an answer to a question asked by defendant of one of its witnesses, where before defendant rested the objection was withdrawn, and thereupon defendant withdrew the question.

APPEAL from a judgment of the circuit court for Dodge county: B. F. DUNWIDDIE, Judge. *Affirmed.*

This is an action to recover damages for the death of the plaintiff's intestate, July 27, 1902, while in the employ of the defendant in breaking iron ore in certain bins into which the same had been dumped and loaded from the railway cars for storage, and which bins were about ninety feet long and sixteen feet wide, and formed by partition walls running east and west and terminating against a stone wall on the east and attached to the trestle bent on the west, and which bins were situated in rows side by side under the elevated railway tracks, supported by certain trestlework known as "trestle bents;" that such death was caused by the partition

in the bin in which the deceased was at the time working giving way and causing the ore in the south adjoining bin, together with the materials in such partition, to fall with great force upon him, and thereby causing him great injuries, and then and there killing him. The answer consists of numerous specific denials. At the close of the trial the jury returned a special verdict to the effect: (1) That the partition which gave way was not constructed by the defendant in a reasonably safe manner; (2) that said partition was not maintained in a reasonably safe condition by the defendant; (3) that such condition was known to the defendant or ought to have been known to the defendant; (4) that such condition was the proximate cause of the death of the deceased; (5) that they assessed the damages sustained by the widow of the deceased at $1,500. From judgment entered thereon for the amount stated in favor of the plaintiff, with costs, the defendant appeals.

For the appellant there was a brief by *Roemer & Aarons,* and oral argument by *J. H. Roemer.*

For the respondent there was a brief by *Lamoreux & Husting* and *M. L. Lueck,* and oral argument by *Mr. Lueck* and *Mr. C. W. Lamoreux.*

CASSODAY, C. J. 1. We perceive no error in refusing to direct a verdict in favor of the defendant. The circumstances which will and which will not justify such direction have been so frequently and so recently stated by this court as not to require any restatement here. *Tiborsky v. C., M. & St. P. R. Co.* 124 Wis. 243, 102 N. W. 549, 551.

2. The court charged the jury, without exception, to the effect that if they were unable to say, in answer to the first question submitted, whether the partition which gave way was constructed by the defendant in a reasonably safe manner, then that it was their duty to answer that question in the affirmative, and that they could only answer that ques-

tion in the negative in case they were satisfied and believed from all the evidence that such "partition was not constructed in a reasonably safe manner." And then, after again calling their attention to the words "reasonably safe," the court charged the jury that:

"The law does not require the defendant company to construct partitions which are absolutely safe, because the phrase 'reasonably safe' measures the obligation or duty that rested upon the defendant company in the construction of the partition in question."

To such portion of the charge counsel for the defendant excepted on the ground that the issue was not thereby properly submitted nor the duty imposed by law on the defendant properly stated. There can be no question but that it was the duty of the defendant to provide and maintain for its employees a reasonably safe place for the doing of their work. *Hulehan v. G. B., W. & St. P. R. Co.* 68 Wis. 520, 525, 526, 32 N. W. 529, and cases there cited; *Engstrom v. Ashland I. & S. Co.* 87 Wis. 166, 171, 58 N. W. 241; *Cadden v. Am. S. B. Co.* 88 Wis. 409, 417, 60 N. W. 800; *Kennedy v. Lake Superior T. & T. R. Co.* 93 Wis. 32, 37, 66 N. W. 1137, and cases there cited. Whether such duty was performed or not was necessarily a question of fact for the jury, under proper instructions from the court. *Renne v. U. S. Leather Co.* 107 Wis. 305, 312, 83 N. W. 473. This court has declared:

"The rule requiring the master to furnish his servant with a reasonably safe working place calls only for a working place free from all dangers which a person in the circumstances of the master, in the exercise of ordinary care, ought to know of, and which, under the circumstances, the servant, in the exercise of ordinary care, is not legally chargeable with knowledge of." *Hencke v. Ellis,* 110 Wis. 532, 539, 86 N. W. 173.

In other words, the duty imposed upon the defendant by the portion of the charge in question was the exercise of ordi-

nary care under the circumstances. A failure to perform such duty would be a failure to exercise such ordinary care. Counsel insists that in submitting the question the court should have given an instruction defining ordinary care. But no such instruction was requested. The instruction which was requested and which the court refused to give is as follows:

"An employer is not bound to anticipate every possible risk or accident which may happen to an employee from the premises or appliances in use. He is only obliged to use ordinary care in furnishing premises and appliances which are reasonably safe and suitable. If the employer has done this, and, notwithstanding, an accident occurs, such accident is one of the ordinary risks of the employment which the servant assumes on entering the employment."

Had this instruction been given it would still have left it for the jury to determine whether the "premises and appliances" so furnished were "reasonably safe and suitable." It would not have given to the jury any information as to the standard of care not contained in the portion of the charge to which such exception was taken. Besides, the instruction so requested was general, and in conflict with several recent decisions of this court. *Cullen v. Hanisch,* 114 Wis. 24, 37, 89 N. W. 900, and cases there cited. It was, moreover, misleading, and properly refused. What has been said covers the exception to the portion of the charge of the court upon the second question submitted to the jury.

3. In submitting the third question in the special verdict to the jury they were directed that if, in answer to the first question, they found that the partition which gave way was not constructed by the defendant in a reasonably safe manner, or to the second question that such partition was not maintained in a reasonably safe condition by the defendant, then to answer this question: "Was such condition known to the defendant company, or ought it to have been known to said company?" The contention is that this question is

·double, and hence that it is impossible to tell from the nega-
tive answer to both questions whether the "condition" therein
mentioned arose from faulty construction or from a failure to
properly maintain the partition.    But the word "condition"
is only used in the second, third, and fourth questions, and
in each, manifestly, relates to the unsafe condition found by
the jury to exist at the time of the injury.    We fail to per-
·ceive any uncertainty in the answer to the question thus sub-
mitted.    The fourth question submitted to the jury was con-
·ditioned upon a negative answer to either of the first two
questions, and in answer to it the jury found, in effect, that
such unsafe condition at the time of the injury was the proxi-
mate cause of the death of the deceased.    We find no uncer-
tainty in the answer to that question.    It was fully and
fairly submitted to the jury, and we find nothing in the
charge to indicate that they were misled thereby.

4. The defendant's superintendent testified that he had
been in charge of the plant about four years; that the bins
had been in use about three years; and that they were all
constructed very similar to the one in question.    He was
then asked this question: "During the three years that those
bins have been in use have ever any of the partitions come
down previous to the time this one came down?"    An ob-
jection being interposed the same was excluded.    The real
issues involved were whether the bin in question was in a
reasonably safe condition at the time of the injury, and, if
not, whether the defendant knew or ought to have known of
the defect.    The other bins may have been perfectly safe,
and yet the bin in question been very unsafe, to the knowl-
·edge of the defendant.    The fact that it actually fell at the
time of the injury at least tended to prove that it was then
unsafe.    We find no reversible error in such ruling of the
court.

5. Error is assigned for not submitting to the jury the
·question of contributory negligence and the assumption of

risk. But there was no request to submit any such question,. and there was no evidence to support a finding of such negligence or assumption had it been submitted. The court excluded a question put to the defendant's superintendent as to whether he gave to the deceased any instructions in regard to his work or any warning. But before the defendant rested the plaintiff's counsel withdrew his objection to such question, and thereupon the defendant's counsel withdrew the question. We find no reversible error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.