HOWARD, Respondent, vs. BELDENVILLE LUMBER COMPANY, Appellant.

*February 4—February 18, 1908.*

*Appeal and error: Review: Second appeal: Law of the case: Trial: Special verdict: Distinct issues submitted in the disjunctive: Duplicity: Prejudicial error: Evidence at former trial, how proved: Bill of exceptions: Submission of issues to jury: Proximate cause: Excessive verdict: Review: Necessity of motion for new trial.*

1. In case of the reversal of a judgment on appeal, a new trial, a second judgment, and an appeal therefrom, the former decision is to be regarded as the law of the case and conclusive in disposing of the second appeal as to all questions common to both appeals, raised under the same circumstances as before.
2. Two distinct issues of fact should not be embodied in one question of a special verdict. If they are so embodied and are expressed in the disjunctive, and the error is not rendered harmless by instructions or something in the record, the defect is fatally prejudicial.
3. When two propositions of fact are embodied in the disjunctive in a question of a special verdict, and there is no evidence as to one of them, and the jury are expressly, or in effect, instructed to answer only as they shall find respecting the other proposition, the duplicity is harmless.

4. In case of a first and second trial of an action, there being a bill of exceptions duly settled and made a part of the record containing the evidence given on the former and sufficient ground being shown upon the latter for reproducing the evidence of any witness given on the first, that may be done by reading from such bill, though, if it is not certified to contain all the evidence, the rest thereof may be shown by any competent proof, such as a certified transcript of the court reporter's minutes.

5. All elements of proximate cause may be submitted to the jury as involved in a single issue of fact.

6. The objection that a verdict is excessive cannot be raised on appeal in the absence of a bill of exceptions showing that a motion was made for a new trial on that ground. A motion to set aside the verdict as contrary to the evidence and for a new trial does not raise the question of excessiveness of the verdict.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Rusk county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action to recover compensation for personal injuries claimed to have been caused by negligence on the part of the defendant.

This is a second appeal. The judgment rendered on the first trial was reversed by this court and a new trial awarded, as will be found by reference to 129 Wis. 98, 108 N. W. 48. The issues tried and the general characteristics of the case were substantially the same on the second trial as on the first. Therefore for a statement of details, reference is now made to the former decision.

The claim of the plaintiff was that, through a hole in the main floor of defendant's mill, which it negligently permitted to exist, nearly over the place on the floor below where he, as one of its employees, was required to be in the performance of his duties on the occasion in question, a piece of wood unexpectedly dropped striking him on the right hand, causing him to make such a movement that it was caught between a belt and a rapidly revolving pulley, whereby his arm and shoulder were broken, causing him great pain and

permanent disablement. He was thirty-one years of age when he was injured. The jury found substantially as follows:

1. There was a hole in the mill floor as alleged in the complaint.

2. Defendant knew of the existence of such hole a sufficient length of time before plaintiff was injured to have remedied the defect by the exercise of ordinary care.

3. The hole had existed a sufficient length of time before the accident that defendant ought, in the exercise of ordinary care, to have known thereof.

4. The existence of the hole in the floor, under the circumstances, was the proximate cause of the plaintiff's injuries.

5. Plaintiff did not know, nor should he have known, of the existence of the hole and that an injury might thereby result to him.

6. It will take $9,900 to compensate plaintiff for his injuries.

Judgment was rendered accordingly, exceptions being duly preserved during the trial and subsequent thereto to raise the questions for decision discussed in the opinion.

For the appellant there was a brief by *L. E. McGill* and *Morton Barrows,* and oral argument by *Mr. Barrows.*

For the respondent there was a brief by *Samuel A. Anderson* and *W. H. Stafford,* and oral argument by *Mr. Anderson.*

Marshall, J.   Did the court err in refusing to direct a verdict in favor of the defendant, due motion therefor having been made?

That is the first proposition submitted for consideration. In support thereof the following minor propositions are suggested:

1. There was not sufficient evidence to warrant the jury in finding that there was a hole in the mill floor as claimed.

2. If there were such a hole, there was not sufficient evidence to warrant the jury in finding that the defendant ought

reasonably to have anticipated that an injury might result therefrom to any of its servants working on the floor below.

3. There was not sufficient evidence to warrant the jury in finding that plaintiff's injury was caused by a piece of wood falling through the hole and striking his hand, causing it to go between the belt and the revolving pulley.

It is a sufficient answer to all such propositions that the evidence, as is confessed by appellant's counsel, was substantially the same on the last trial as on the first, the only difference being that appellant produced more evidence of the same character as before in opposition to that of respondent, and it was held on the appeal from the first judgment that there was sufficient evidence to carry the question of the existence of the hole and actionable negligence on the part of the defendant in respect thereto, to the jury. The former decision, under the circumstances, is the law of the case which must govern on this appeal. *Collins v. Janesville*, 111 Wis. 348, 87 N. W. 241, 1087; *Hill v. Am. S. Co.* 112 Wis. 627, 88 N. W. 642; *Rueping v. C. & N. W. R. Co.* 123 Wis. 319, 101 N. W. 710. Perhaps cumulative evidence might be in such amount as to take a case out of that rule, but it is considered that such is not the case here. Five witnesses testified to having heard respondent say he did not know how he was injured. Four testified likewise on the first trial. Two witnesses, who did not agree with each other, testified to respondent having made statements to them severally as to how his injury occurred, which were inconsistent with his story at the trial, while one gave like testimony before. No more need be said on this branch of the case. It was argued at great length by counsel for the appellant, but because of the rule of law to which we have referred it is useless to go over the ground in this opinion. We are not permitted to consider the matter as an original proposition. The former decision must be regarded as having set the question entirely at rest.

The court permitted to be read in evidence the testimony

given by Herman T. Hanson on the former trial, as pre-
served in the bill of exceptions, a proper case having been
made for reproducing such witness's evidence. Error is as-
signed upon the ground that the reporter's certified tran-
script of the evidence formerly given was the best evidence
thereof. It is the opinion of the court that the question thus
raised is ruled in respondent's favor by *Wilson v. Noonan,*
35 Wis. 321, and *Hill v. Am. S. Co., supra,* regardless of
what has been decided in any other jurisdiction.

In the first case cited it was held that a bill of exceptions
purporting to contain all of the evidence given at the trial of
a cause is competent and the best proof of what the witness
then testified to, and may be read as such upon there being
a proper occasion at a subsequent trial for its reproduction.

In the second case cited it was claimed, as here, that the
best evidence of what a witness testified to on one trial, in
case of its being proper to show the same upon a subsequent
trial, is the transcript made and certified by the official re-
porter, especially since such certified transcript is made evi-
dence by sec. 4141, Stats. (1898). The court, however, ad-
hered to the former ruling notwithstanding the passage of
the statute in the meantime, saying that the reporter's cer-
tified transcript is of itself of "no higher grade of evidence
than the testimony of the reporter, or any other witness who
was present upon the former trial, as to what transpired."

True, the record here does not affirmatively show that the
bill read from contained all of Hanson's former evidence,
though since it was concerning a vital point in the case and
no objection was made on that precise ground, presumably
it did. But in any event it was competent to reproduce the
evidence as contained in the bill, subject to the right of ap-
pellant to show by competent proof that the witness gave
other evidence, and what it was.

We do not overlook the fact that the particular occasion for
reading from the bill of exceptions was different from the

occasion in either of the other cases cited. That does not seem to be important. Such cases lay down as a general principle, that when upon one trial of a case it is competent to produce the evidence of a witness who testified upon · a previous trial, it may be done by reading from a bill ·of exceptions containing such evidence.

Our attention is called to a number of cases supposed by counsel for the appellant to be somewhat in conflict with the rule above stated. We shall not refer to them in detail. In the main they are not in conflict with the rule of this court.

Counsel refers us to Wigmore on Evidence, vol. 3, p. 2067. The author's general conclusion, which is supported by a large number of cases cited in note 2 at page 2068, is in harmony with the rule of this court. He said:

"From the point of view of practical safety, the question is a difficult one to settle by a general rule, and must depend much on the local professional methods. But it seems clear, so far as principle is concerned, that where the parties to the later trial are (as in the usual case) the same in interest, the signing of the bill in the first trial is an admission of the correctness of its statements, and the objection that the admission was intended for that trial only . . . may affect its weight but not its admissibility; while, as against one not a party to the former trial, the bill involves no admission of his, and is furthermore not available as an official statement of the judge. The majority of courts, on one ground or another, receive the bill to prove the tenor of the former testimony."

Among the cases mentioned are the following which support the text: *Jaccard v. Anderson,* 37 Mo. 91, 96; *Louisville W. Co. v. Upton,* 36 S. W. 520, 18 Ky. Law Rep. 326; *Columbus v. Ogletree,* 102 Ga. 293, 29 S. E. 749; *Owen v. Palmour,* 111 Ga. 885, 36 S. E. 969; *Kean v. Comm.* 10 Bush, 190; *Reynolds v. Powers,* 96 Ky. 481, 29 S. W. 299. In *Kean v. Comm., supra,* the court said: "The evidence in a bill of exceptions may be read (when the witness is dead) in a civil action where a retrial has been ordered. . . ."

In *Louisville W. Co. v. Upton, supra,* the situation was precisely the same as in this case. The decision of the court is stated in the syllabus thus:

"The court may permit the testimony of a witness, given on a former trial, to be read from the bill of exceptions, made part of the record of the case, where the witness is absent from the state." 36 S. W. 520.

While we must recognize that there are authorities in conflict with the foregoing, the rule in this state must be regarded as settled, as we have indicated.

The court submitted to the jury this question: ". . . Did plaintiff know, or should he have known, that said hole was in said floor, and that an injury might thereby result to him?"

In respect to such question this instruction was given:

"You cannot answer this question by 'Yes' unless you find that there was a hole in said floor as alleged, nor unless the plaintiff ought to have known, by the exercise of ordinary care, of the fact, nor unless he would have known, by the exercise of ordinary care, that an injury might result to him thereby."

The form of the question is not complained of, though in the absence of anything in the record relieving it from its harmful character it would be subject to condemnation as prejudicially double, in that it joined in the disjunctive the proposition as to actual knowledge and the one as to constructive knowledge. *Lowe v. Ring,* 123 Wis. 370, 101 N. W. 698; *Mueller v. N. W. Iron Co.* 125 Wis. 326, 104 N. W. 67; *Du Cate v. Brighton,* 133 Wis. 628, 114 N. W. 103.

In the last case referred to the question condemned was substantially like the one here. It was worded thus:

"Did the highway officers of the defendant town know, or in the exercise of ordinary care and diligence in the discharge of their duties ought they to have known, that the highway was so insufficient and out of repair a sufficient length of time before the accident to have repaired the same, in the exercise of ordinary diligence?"

It was said a general answer to such a question leaves the court unable to determine whether the jury united in their conclusions as to any one of the distinct propositions.

The duplicity in the question seems to be waived in this case, counsel saying, "Had the learned trial judge submitted this question (No. 5) to the jury without comment, no prejudice to defendant would have occurred." The question itself, as framed, contained an exact condensed statement of the law.

Error is assigned because the court gave the quoted instruction, in that the proposition in the question as to actual knowledge was thereby eliminated. Counsel suggest that the proposition as to whether the respondent had actual knowledge of the hole should have been primarily passed upon by the jury. The difficulty with that position is, there was no evidence in the case that respondent had actual knowledge of the existence of the hole. The case in respect to contributory negligence rested wholly on the element of constructive knowledge on respondent's part. Therefore, the court did not err in restricting the jury's consideration of the question as was done. Moreover, such restriction rendered the double character of the question harmless. So the instruction not only was not erroneous but it cured what might otherwise have been a very troublesome defect. The better way, and the really only safe one, is not to submit a double question at all, especially one containing two material matters in the disjunctive. The latter without careful instructions, or something in the record rendering the duplicity harmless, is pretty sure to be fatal to a recovery.

Further error is assigned because the court did not submit by a question, covering singly and specially the element of proximate cause, as to whether the defendant, in the exercise of ordinary care, should have known that some one of its servants was liable to be injured by reason of the existence of the hole in the floor. That is ruled in respondent's favor

by *Deisenrieter v. Kraus-Merkel M. Co.* 92 Wis. 164, 66 N. W. 112, and subsequent cases, holding that it is proper to submit all of the elements of proximate cause in one question as constituting a single proposition, as was done in this case.

The only other complaint made is that the verdict was excessive. Respondent's counsel answered that by calling attention to the fact that in the motion for a new trial excessiveness of the verdict was not assigned as a ground therefor. Appellant's counsel replied that such ground is included in the one that the verdict is contrary to the evidence. The practice in respect to the matter is in harmony with the statute, sec. 2878, Stats. (1898), mentioning the grounds upon which a verdict may be set aside on motion made on the court's minutes and a new trial be granted. The language of the section specifies three grounds, viz.: *First,* that the verdict is contrary to law; *second,* that it is contrary to evidence; *third,* that the damages are excessive or inadequate. Thus it will be seen, excessiveness of a verdict is made a distinct ground for setting the same aside and granting a new trial. The precise question before us was last passed upon by this court in *Collins v. Janesville,* 99 Wis. 464, 466, 75 N. W. 88. This language was there used:

"With no certificate that the bill of exceptions contains all the evidence, and no motion for a new trial on that ground (the one that the verdict was excessive), we are not at liberty to determine the question."

That is in harmony with decisions elsewhere. The general rule, especially where a statute such as ours exists, is that a motion to set aside a verdict and for a new trial must specify the grounds, at least as specifically as they are mentioned in the statute, and that a specification that the verdict is contrary to the evidence does not raise the question that the damages are excessive. *Frank v. Kessler;* 30 Ind. 8; *Cook v. Clary,* 48 Mo. App. 166; *Star Brewery v. Croake,* 57 Ill.

App. 287; *Beavers v. Mo. Pac. R. Co.* 47 Neb. 761, 66 N. W. 821.

The decisions in this state on the question under discussion are uniform and decisive. *Nisbet v. Gill,* 38 Wis. 657; *Sloteman v. Thomas & W. Mfg. Co.* 69 Wis. 499, 34 N. W. 225; *Collins v. Janesville, supra; Williams v. Williams,* 102 Wis. 246, 78 N. W. 419. The matter was very fully covered in *Sloteman v. Thomas & W. Mfg. Co., supra,* the court saying:

"It is claimed that the damages . . . were excessive. We are inclined to think that the allowance thereof is a little too large, but . . . it cannot properly be raised on this appeal. Sec. 2878, R. S. 1878, authorizes a motion for a new trial on the minutes of the trial judge, '. . . because the verdict is contrary to law, or contrary to evidence, or for excessive or inadequate damages.' The motion in this case . . . specified, as grounds therefor, that the verdict was contrary to evidence and contrary to law, but did not claim that the damages were excessive. We think that ground for a new trial should have been specifically assigned in the motion, and that it is not sufficient merely to allege that the verdict is contrary to the evidence. The latter allegation goes to the whole verdict, while the objection that the damages were excessive goes only to a portion thereof."

So it will be seen that we are precluded from treating the question of whether the recovery was excessive. So far as we can discover, the record in respect to matters called to our attention by appellant's counsel does not disclose any prejudicial error.

*By the Court.*—The judgment is affirmed.