COLLINS, by guardian *ad litem*, Respondent. vs. THE CITY OF JANESVILLE, Appellant.

*April 15 — May 3, 1898.*

*Appeal: Damages for permanent injury: Expert testimony.*

1. In order to recover damages on the ground that the injury complained of is permanent, the evidence must show such permanency with reasonable certainty. To allow an expert physician to testify that the plaintiff was liable to be bothered with the injury for several years and might be always, at least under certain conditions such as overuse of the injured member, was error.

2. It was also error, in such action, to allow such expert physician to testify to the effect that consumption in the family of plaintiff's parents would show a strong susceptibility in all the family to the infection of consumption, particularly in swollen tissues which do not fully recover their normal condition after injury, such evidence being, at most, conjectural, and certainly inadmissible without first laying a foundation for it by showing that the plaintiff was consumptive or reasonably certain of being so.

3. On appeal, the court will not consider the question of excessive damages, if the bill of exceptions is not certified to contain all the evidence, and there was no motion for a new trial on that ground.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

The cause was submitted for the appellant on the brief of *H. McElroy*, and for the respondent on that of *J. J. Cunningham*.

CASSODAY, C. J.    This action is brought to recover dam-
ages for personal injuries sustained by reason of falling upon
an alleged defective sidewalk.    The plaintiff was, at the
time of the injury, between twelve and thirteen years of
age.    Issue being joined and trial had, the jury returned a
verdict in favor of the plaintiff, and assessed her damages
at $1,500.    From the judgment entered thereon the defend-
ant brings this appeal.

Error is assigned because an expert physician, in answer
to a hypothetical question, was allowed to testify to the
effect that the plaintiff was liable — quite likely — to be
bothered with the injury for several years, and might be
always, at least under certain conditions, as overuse.    The
rule is well settled that, in order to recover damages on the
ground that an injury is permanent, the evidence must show
such permanency with reasonable certainty.    *Hardy v. Mil-
waukee St. R. Co.* 89 Wis. 187; *Block v. Milwaukee St. R.
Co.* 89 Wis. 371; *Raymond v. Keseberg*, 91 Wis. 195; *Ground-
water v. Washington*, 92 Wis. 61.    The amount of the ver-
dict makes it quite certain that the jury must have found
the injury to have been permanent.    To allow a verdict to
be based upon such conjectural evidence would be to defeat
the ends of justice.

Error is assigned because an expert physician was allowed
to testify to the effect that consumption in the family of the
plaintiff's father or mother, especially the immediate family,
would show a strong susceptibility in all of the family to the
infection of consumption,— local tuberculosis,— particularly
in swollen tissues which do not fully recover their normal
condition after injury; that he could not say whether the
inflammatory condition of the surface of the bone and the
ligaments which he saw was so infected; that consumption
would have a bearing in the case, and that in the course of
years would affect it,— probably would; that there was dan-
ger of it; that stating that it would probably occur was

stating it with a little greater degree of certainty than he desired, but there would be a great likelihood of its occurring,— a danger which he regarded as the greatest danger in the case,— the danger of becoming affected with that disease. Such evidence was, at most, conjectural, and was certainly inadmissible, without first laying a foundation for the same by showing that the plaintiff was consumptive or reasonably certain of being consumptive. It does not appear that that was done. This court has repeatedly held that the presence of disease may aggravate and prolong an injury, and correspondingly increase the damages recoverable. *McNamara v. Clintonville*, 62 Wis. 211, and cases there cited.

Counsel insist that the damages are excessive, but with no certificate that the bill of exceptions contains all the evidence, and no motion for a new trial on that ground, we are not at liberty to determine the question.

, *By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.