Kinkade^ J.
This is a personal injury case. Isadore Poland, a boy fifteen years of age, was a passenger on a street car operated by The Toledo Railways & Light Company, hereinafter designated as “The Company.” As the car approached Troy street, Poland informed the conductor that he wished to leave the car at that street, and thereupon the conductor signaled the motorman by bell to stop the car at Troy street. The motorman in obedience to the signal slackened the speed of his car for the purpose of stopping as directed, and while the evidence is in conflict as to whether he actually came to a full stop, and, if he did, whether it was at the usual place of stopping to receive or discharge passengers at that street, the motorman testified that he did make a full stop and that it was at the usual stopping place. At or near Troy street Poland left the car and went immediately around the rear end of the car, intending to cross the parallel track, which was some three feet distant, on *399 his way to his home in that vicinity. As he crossed the space between the two tracks, and before he had stepped upon the other track, he was struck by another car of The Company going -in the opposite direction from that of the car on which he had been riding, and was seriously injured.
'The negligence of The Company alleged was excessive speed of the car which struck Poland, a failure to stop the car before passing the other car which had stopped to discharge a passenger, the stop being required by ordinance of the city, and the failure to give warning by bell or gong of the approach of the car while crossing the street or when passing another car, as required by city ordinance. The Company in its answer denied all acts of negligence and alleged contributory negligence on, the part of Poland, which was denied in the reply. The jury returned a verdict in favor of Poland for three thousand dollars, upon which judgment was entered.
Our attention is called to a great many errors said to be manifest in the record, justifying a reversal of this judgment, among which are the following :
1. Poland called as witnesses two physicians who testified fully as to the extent and permanency of his injuries. Both of these expert witnesses were permitted, over the objection - of The Company, to state what “might” develop in the future from the injuries described. They stated that the injuries “might” cause epilepsy, paralysis or in-, sanity. Neither of the doctors gave it as his opinion that any one of the three things mentioned was, reasonably certain to result, nor even that it would | *400 probably result, from the injury. The motion of The Company to withdraw these statements from the consideration of the jury was overruled, and exception saved. We think the evidence was clearly incompetent and prejudicial. Two decisions of our own supreme court establish the proposition that there can be no guessing or speculating permitted on the part of either the court or the jury, and that the only damages arising in the future for which recovery can be had are such as are shown by the evidence to be reasonably certain to follow from the injury received. We cite the cases of The Cleveland, Terminal & Valley Rd. Co. v. Marsh, 63 Ohio St., 236, and The Pennsylvania Co. v. Files, 65 Ohio St., 403. If there must be reasonable certainty as to damages accruing in the future, it is entirely clear that to justify a recovery the evidence should be such as will enable the jury to find that there is reasonable certainty that those things will result from which such damages must arise. The two decisions cited settle the question, but we call attention to the following authorities to the same effect: Lentz v. City of Dallas, 96 Tex., 258; Turner v. Lovington Coal Mining Co., 156 Ill. App., 60; Briggs, Gdn., v. N. Y. C. & H. R. Rd. Co., 177 N. Y., 59; Collins v. City of Janesville, 99 Wis., 464, and Cross v. City of Syracuse, 200 N. Y., 393.
We think that the proper practice is to first ask the expert witness whether’he is able to state what results will probably follow, or are reasonably certain to follow, before permitting him to give his opinion as to what the results will probably be. Expert witnesses may not be willing to state what *401 designated results are reasonably certain to follow. They may desire to go no further than to say that such results will probably follow. We think the evidence in this form is competent, but when the evidence is all before the jury the court must instruct the jury in accord with the law as laid down in The Pennsylvania Co. v. Files, supra, that only such damages occurring in the future can be recovered as are shown by the evidence to be reasonably certain to follow.
2. During the trial it became important for the company to explain its failure to produce the evidence of a nurse who was present at the hospital when Poland signed a written statement as to how the injuries occurred. The company offered to prove by the house physician of the hospital that there was no record kept there of the names or residences of nurses such as the one in question. This evidence was excluded, and exception saved. We think the evidence was competent and a majority of the court are of opinion that its rejection was prejudicial error.
3. In the general charge the court instructed the jury as.to the duty of the servants in charge of the car after they saw, or by the exercise of ordinary care might have seen, Poland approaching the track. We think the language employed was equivalent to stating the doctrine of the last chance, and, as there was nothing in the pleadings or evidence presenting such a situation, the giving of this instruction constituted prejudicial error.
4. In the general charge the court instructed the jury with respect to the right of Poland to recover for loss of ability to earn wages in the future. *402 This part of the charge is erroneous in so far as it covered the period of his minority, there being no evidence in the case tending to show that Poland is entitled to receive and use his own wages during his minority. This question was decided by this court in the case of Standard Steel Tube Co. v. Prusakicueicz, 33 C. C., 133, 139, decided November 25, 1911, and affirmed by the supreme court, without opinion, in 87 Ohio St., 472.
5. We can not sustain the claim of The Company that the evidence so clearly established contributory negligence that a verdict should have been directed in its favor. In view of the conflict in the evidence we think the trial court was right in submitting the case to the jury on all questions of negligence and contributory negligence. We do not see the difference, urged by counsel fpr The Company, between the principles announced in the case of Cincinnati Street Ry. Co. v. Snell, 54 Ohio St., 197, and the case of Cleveland Electric Ry. Co. v. Wadsworth, 25 C. C., (15 C. D.), 376, affirmed by the supreme court, without opinion, 70 Ohio St., 432. It was for the jury to find under proper instructions from the court what the facts were and whether the case was one falling within the law as stated in the Snell case or the Wadsworth case.
6. We think untenable the contention of counsel for The Company, that, inasmuch as it was not set up in the pleadings, there was prejudicial error in permitting one of the physicians to state that Poland’s facial nerve was paralyzed. The petition alleged a fracture of the skull, concussion of the brain and an impaired and diseased mind, and stated further that the injury was permanent. The *403 physician who stated that the facial nerve was paralyzed testified that that was a direct and natural result of the injury. Even without this last statement of the physician we think the evidence was competent under the pleadings. We cite the following authorities to sustain this proposition: Stevenson et al. v. Morris, 37 Ohio St., 10; Denver & Rio Grande Railway v. Harris, 122 U. S., 597; The B. Shoninger Co. v. Mann, 219 Ill., 242; Tyson v. Booth, 100 Mass., 258, 266; Sloan v. Edwards, 61 Md., 89; L. S. & M. S. Ry. Co. v. Ward, 135 Ill., 511, and Hoyt v. Metropolitan St. Ry. Co., 76 N. Y. Supp., 832, affirmed 175 N. Y., 502.
We also cite the case of The Hocking Valley Ry. Co. v. Backus, decided by this court February 17, 1912, which was afterwards affirmed by the supreme court, without opinion, in 87 Ohio St., 508.
As the case is to be remanded for a new trial we call attention to requests to charge before argument, numbers 8, 12 and 14, presented by the defendant and given by the court, and also to similar language used by the court upon the same subject in the general charge. These instructions are to the effect that if Poland’s negligence contributed in any degree to produce the injury he can not recover. The words “in any degree” are not used, but the language, we think, 'is broad enough to be so construed. Poland was required to use ordinary care for his own safety. Slight negligence on his part might exist consistent with the exercise of ordinary care, and such negligence would not bar his recovery. The contributory negligence that bars recovery must not only directly and proximately contribute to the injury, but it must be such *404 negligence as shows that the party so negligent was not exercising ordinary care for his own safety.
We think the language of the general charge should be more specific as to the care due from Poland. He was fifteen years of age and was required to exercise only such care as boys of his age of ordinary care and prudence are accustomed to exercise under the same or similar circumstances.
We find no errors manifest in the record prejudicial to the plaintiff in error other than as above set "forth. The judgment of the court of common pleas will be reversed and the case remanded for a new trial.

Judgment reversed, and cause remanded.

Richards and Chittenden, JJ., concur.