## No. 914
### ALTER v. SHEARWOOD, etc.
Ohio Appeals, 1st Dist., Hamilton Co.

No. 2660.    Decided July 6, 1925

753. **MEASURE OF DAMAGES—To be correctly ascertained, is essential that evidence be adduced from which an estimate of plain-tiff's earning capacity may be made.**

CUSHING, J.

Robert Shearwood, a minor, by his next friend, brought an action against Robert Alter, in the Hamilton Common Pleas to recover dam-ages for personal injuries, due, as it was claimed, to be the negligence of Alter in oper-ating his automobile. It was also claimed that Shearwood earned $12 per week and had been forced to remain away from work for six weeks. Damages for $25000 was claimed, and Shearwood received a judgment for $9000.

Error was prosecuted by Alter and since he admitted that he was guilty of negligence which was the proximate cause of the injuries sus-tained by Searwood, there was but one ques-tion for the jury to determine and that was the measure of damages Shearwood sustained by reason of the accident. The Court of Ap-peals held:

1. The court in charging upon measure of damages said: "The measure of his damages is compensation for the injuries received as shown by the evidence, and in determining this amount, if any, you will take into considera-tion the nature and extent of his injuries, the effect of these injuries upon his ability to work and earn a living, etc."

2. There is no question but that part of the charge: "The effect of these injuries upon his ability to work and earn a living," was erroneous.

3. There is no evidence in the record that the boy was emancipated, nor as to the amount he was earning."

4. After claims that "When impairment of

## STATE COURT OF APPEALS—Continued

earning capacity is pleaded as special damages, it is essential that evidence be adduced from which an estimate thereof may be made by the jury, and in the absence of any evidence upon the subject, it cannot properly be submitted to the jury as an element of damages." Hanna v. Stoll, 3 Abs. 250.

5. There is no plea of special damages in the case at bar. Shearwood does not plead that he was earning $12 a week, and that he lost this amount for a period of six weeks; and there is no evidence offered as to what he was earning either before or after the accident.

6. With reference to a charge to a jury in the loss of earnings of a minor, it was said in Toledo Ry. Co. v: Poland, 7 Ohio App. 397 at 402 that, "This part of the charge is erroneous, in so far as it covered the period of his minority; there being no evidence in the case tending to show that plaintiff was entitled to receive and use his own wages during his minority."

7. But, in view of the fact that there was no question of the liability of Alter, the jury could have been misled only as to the amount of damage, based on earning capacity, that it could award.

8. It must be assumed that the jury followed the instruction of the court and considered the effect of the injury on Shearwood's ability to work and earn a living.

9. If a remittitur of $2000 is submitted to, the judgment will be affirmed; if not, the judgment will be reversed.

Attorneys—Harmon, Colston, Goldsmith & Hoadley for Alter; Jones, Shook, Morrissey & Terry, for Shearwood; all of Cincinnati.