## STRITMATTER v McARTHUR

Ohio Appeals, 1st Dist, Hamilton Co

No 4882.   Decided Nov 25, 1935

Merland, O'Meara, Santen & Willging, Cincinnati, for plaintiff in error.

Maxwell & Ramsey, Cincinnati, and Gregor B. Moorman, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

Various errors are urged and we shall consider them in the order of their assignment.

(1)  It is urged that there is no evidence of a permanent injury and that, therefore, the court erred in refusing to give a special charge intended to exclude permanent in-

jury as an element of damages. We find that there was circumstantial evidence of permanent injury and that, therefore, the special charge was properly refused, even assuming that it was unobjectionable in matter of form.

(2) The second error assigned is that the court should not have charged on permanent injury when none had been proved. As we have found that there was evidence of permanent injury, the court should have instructed the jury on the subject. There was no error, therefore, in the court doing so.

(3) This assignment is that the charge of the court authorized a recovery for loss of domestic services by the plaintiff, who was a married woman, whereas, that loss was that of her husband.

The record shows that the plaintiff in proving the nature and extent of her injuries contrasted her ability to do housework before and after her injuries.

In her petition she alleged on the subject of her damages, inter alia, that: "It will be necessary to have some one assist her in her household work for the rest of her life, all to her damage in the sum of $35,000.00." This was stated by the court to the jury in advising it of the allegations of the pleadings before stating the issues.

In instructing the jury on the measure of damages the court told the jury that "You may also take into consideration whether or not the injuries sustained by the plaintiff are permanent or not and the effect of such injuries upon her ability in the future, to do her household work."

At the close of the charge the court said to counsel: "Anything further, Gentlemen?" and counsel for defendant responded: "We have nothing to suggest."

Does this instruction authorize recovery for loss of domestic service? If it does, it is an erroneous charge in this action because that is the loss of her husband. **Becktold v Ewing, 89 Oh St, 53.** An analysis of this charge, however, shows that it does not authorize a recovery for loss of services. It is the plaintiff's ability or inability to perform the service that is referred to. All the court did was to tell the jury that it had the right to consider the effect of the injury upon the plaintiff's ability to do her household work. The charge contains no suggestion of the allowance of anything for loss of earnings or expenses in employing another to do the work. In determining the extent of personal injuries, certainly

the disabilities resulting must be considered. If consideration of the resulting disabilities were excluded, compensation for personal injury of a married woman would be limited to the pain and suffering resulting therefrom. Clearly, it is not so limited. The disabilities, the limitations, resulting from the physical injuries constitute the principal elements of the damage, and the fact that the particular disability may result in loss to the husband is no reason for its exclusion.

This charge does not contain the vice of instructing the jury that loss of earnings could be recovered as in **Alter v Shearwood, 20 Oh Ap, 12, (3 Abs 685) and Bluebird Baking Co. v McCarthy, 3 OO 490 (OLR of Oct. 14, 1935). (19 Abs 466)** The most that can be said of this charge is that it did not expressly exclude consideration of loss of services. It needs no citation of authorities that a general exception does not reserve objections to omissions in the charge. That rule is specially applicable in this case, in view of counsel's statement that he had nothing additional to suggest for incorporation in the charge.

(4) & (5) These assignments relate to the charge on the subject of future damages. It is claimed that the court failed to limit the recovery to such damages as the evidence showed with reasonable certainty would result directly from the injuries. A reading of the general charge and a special charge that was given at the request of the defendant discloses that the court limited the recovery to such damages as "naturally and necessarily follow such injury," which is a greater restriction than the rule stated in the refused special charge. There was no prejudice resulting to the defendant by the refusal. The language of the special charge also seems to us to be misleading.

(6) The last assignment is that the verdict is excessive.

We have read the evidence on the subject of the plaintiff's injuries and have reached the conclusion that a reviewing court without the benefit of seeing the plaintiff and the witnesses cannot say that the verdict is so excessive as to require a reversal of the judgment.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.