LEE v. McCORMICK.

1. DAMAGES—VERDICT—IMPROPER CONSIDERATIONS.

Damages awarded by verdict of jury in action for personal injuries must stand unless it clearly appears that the jury must have been influenced by passion, prejudice, partiality, corruption or mistake as to the law or facts.

2. SAME—AUTOMOBILES—EVIDENCE.

In action by plaintiff, injured because of negligent operation of defendant's truck, record *held*, to show no prejudicial circumstances affecting amount of verdict which plaintiff claims to be insufficient.

3. SAME—PAIN AND SUFFERING—CONFLICTING TESTIMONY.

An award for pain and suffering rests in the sound judgment of the jury especially where the testimony in reference thereto is conflicting.

4. Same—Evidence—Earning Capacity—Permanent Partial Disability.

> In action for personal injuries where there was medical testimony that plaintiff's deformity was permanent and that it, together with curvature of spine and hernia, partially disabled him from performing his work as an electrical contractor, on issue of whether plaintiff's bank book represented his own deposits, admission of testimony that plaintiff's wife had been employed for eight years *held*, proper, but even if improper, not prejudicial where fact that she was working was later developed without objection.

5. Appeal and Error—Request to Charge—Instructions.

> On plaintiff's appeal from verdict and judgment in his favor in an alleged insufficient amount, refusal of court to give request to charge on damages as presented *held*, not error where the charge, as given, covered all the elements of damage and jury would not have been more clearly instructed had request been given.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted January 20, 1937. (Docket No. 95, Calendar No. 39,321.) Decided March 1, 1937.

Case by William Lee against Harry A. McCormick for personal injuries sustained when defendant's truck struck and backed over plaintiff. From verdict and judgment for plaintiff in an alleged insufficient amount, he appeals. Affirmed.

*Herbert W. Smith,* for plaintiff.

*George W. DesJardins* and *John G. Libbers,* for defendant.

Fead, C. J. Plaintiff appeals from judgment of $2,000 in his favor in action for negligent operation of a truck. He proved damages of $1,026.70 for hospital and medical expenses and the court instructed the jury to allow such amount if it found for plaintiff. His principal claim is that the bal-

ance allowed, for loss of earnings and pain and suffering, is inadequate.

Plaintiff sustained two definite fractures of the pelvis. He was trussed up for 21 days with weights on both legs. A hole was bored through the bone of his left heel and a steel pin inserted to attach weights. He was in the hospital two months and in bed at home four months thereafter. He has a slight curvature of the spine caused by deformity of his pelvis. He has a hernia. He testified that he suffered intense pain for a long time and still suffers.

There was medical testimony that his deformity was permanent and that he is partially disabled from performing his work as an electrical contractor. Also, doctors testified that he suffered pain only a few days; that the bones have knitted firmly and he can do his work as well as ever.

Plaintiff claimed he earned $100 to $200 per month before the accident but the evidence thereof is not impressive. He presented bank books of an account from 1929 to February 1933, but made no record showing of earnings thereafter. He has lung trouble and is unable to work in the winter. In the summer of 1934 he was trustee of a village and superintended men at work, but the record disclosed no compensation therefor. His wife had worked steadily for some years. Plaintiff used to take her to her place of employment and often spent hours sitting in the office of her employer.

The court felt the facts disclosed sufficient opportunity for disagreement, as to the amount of damage, that it would not be justified in granting a new trial.

The rule is that the verdict must stand unless it " 'clearly appears that the jury must have been

influenced by passion, prejudice, partiality, corruption or mistake as to the law or facts.' " *Griggs* v. *Railway Co.*, 196 Mich. 258.

No prejudicial circumstances appear in the record. Plaintiff's testimony as to his earnings was so indefinite as to render it impossible to state any sum which the jury should have allowed as a minimum for that element of damage. An award for pain and suffering rests in the sound judgment of the jury and, under the conflicting testimony, was peculiarly a matter for its determination. We cannot say the court abused its discretion in denying a new trial.

On cross-examination of plaintiff, defendant was permitted to show that plaintiff's wife had been employed for eight years, as bearing upon whether plaintiff's bank account represented his own deposits. Objection was made that the testimony was incompetent and immaterial. It was proper cross-examination on the inquiry as to the deposits. In any event, the testimony cannot be held prejudicial because the fact of the wife's working was later developed without objection and for a clearly proper purpose.

Plaintiff alleges as error that the court refused to give his request on damages as presented. The charge covered all the elements of damage. The jury could not have been more clearly instructed had the request been given, and there was no error in this respect.

Affirmed, with costs.

North, Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.