*In re* BOYER'S ESTATE.

CLAIM OF GARDNER.

1. Damages—Future Damages.

    To entitle a plaintiff to recover damages presently for apprehended future consequences of an injury, there must be such a degree of probability of such consequences as to amount to reasonable certainty that they will result from the original injury.

2. Automobiles—Permanent Injuries—Mortality Tables—Instruction.

    In action for personal injuries resulting from collision of automobiles, evidence *held*, not to show such probability of future injury as to amount to a reasonable certainty that the injuries

would be permanent, hence, trial court committed no error by instructing jury to disregard mortality tables and in finding no proof of permanent injury.

3. New Trial—Discretion of Court—Inadequacy of Verdict.
  The granting of a new trial rests in the discretion of the trial court and if the verdict appears to be inadequate when viewed in the light of the evidence he may set it aside on his own motion or on motion of a party.

4. Damages—Pain and Suffering—New Trial—Adequacy of Verdict.
  Verdict of $500 for pain and suffering to plaintiff, a 15-year old boy, who suffered a simple linear fracture of the left femur, severe shock to nervous system and various bruises *held*, not so inadequate, under evidence presented, that trial judge's refusal to grant a new trial amounted to an abuse of discretion.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 27, 1937. (Docket No. 144, Calendar No. 39,606.) Decided December 15, 1937.

In the matter of the estate of Charles Henry Boyer, deceased. Frank C. Gardner by Don Gardner, guardian, presented his claim for personal injuries sustained in an automobile accident. From verdict and judgment for plaintiff in an alleged inadequate amount, he appeals. Affirmed.

*Harry J. Lippman* and *Leonard H. Muller* (*Paul V. Hutchins*, of counsel), for plaintiff.

*Stewart A. Ricard*, for defendant.

Bushnell, J. After abandonment by defendant of the cross-appeal only two questions remain.

Was plaintiff entitled to go to the jury on the question of the permanency of his ward's injuries?

Should a new trial have been granted on the ground that the jury's award of damages was inadequate?

About 3 p. m., on the 22d day of July, 1934, Frank C. Gardner, then aged 15, was driving a Ford auto-

mobile in an easterly direction on U. S. highway No. 112, about 12 miles west of the village of Clinton. Charles Henry Boyer, a veterinary, was driving a Plymouth automobile in a westerly direction on the same highway, accompanied by his friend, Leonard DePagter. The two cars collided, all three occupants were injured and Dr. Boyer died as a result of the accident.

The injuries to young Gardner consisted of a simple linear fracture of the left femur, severe shock to the nervous system, and various bruises. He suffered considerable pain and was attended by his physician, Dr. Matthews, until the latter part of September, 1934. Dr. Matthews examined Gardner a few days before the trial in December, 1935, and found evidence of pain upon extreme flexion of the knee joint and some restriction of motion in the lumbar region of the spine. Plaintiff's medical testimony as to the probability of the permanency of Gardner's injuries is confined to the following:

"*A.* I had nothing to do with prescribing glasses for him. He was not in bed when his glasses were prescribed, to start to wear them. He didn't have his eyes examined until after he was ambulant.

"*Q.* In your opinion, based upon your observing him on your first occasion, and, on subsequent occasions, coupled with his complaints, might this condition in his eye result from the injury such as you observed?

"*A.* Yes, sir.

"*Q.* Might these injuries to his eyes, so resulting from this injury, as you testified, be permanent?

"*Mr. Ricard:* I object to that. He is not qualified.

"*The Court:* Can you answer the question, if permitted, doctor?

"*A.* In a general way, but not specific.

"*Q.* In a general way what would you say?

"*A.* I would say that probably his—that his eyesight will be out with glasses for sometime—for its permanency, I wouldn't say.

"*Q.* But at least it will extend to some time in the future, in your opinion?

"*A.* I believe so.

"I examined him last Saturday evening, and in that examination, I gave special attention to the back, particularly in the region of the lower lumbar and sacrum. This examination showed evidence that there was a slight rigidity in the lumbar spine, and some restriction of motion in the reflex of that spine, which is bending over. I did definitely find evidence of pain on pressure.

"*Q.* Doctor, state whether or not this rigidity such as you have described in the lower lumbar and sacrum might be evidence of injury to the lower lumbar and sacrum regions of the spine?

"*A.* Yes, sir.

"*Q.* And, in your opinion, might this injury, such as you observed and gathered from the history of the case as you know it, and your care and treatment of Mr. Gardner, be permanent?

"*A.* I would believe that the condition should gradually improve.

"*Q.* The condition that is there now is permanent until some certain time in the future, is that right?

"*A.* It will extend in the future, yes, sir.

"*Q.* You can't tell how long?

"*A.* No, sir.

"*Q.* It may be for a period of years, or it may be forever, is that right?

"*A.* It may be, yes.

"I examined Mr. Gardner's leg on last Saturday and found slight restriction of movement as to that. On extreme flexion of the knee-joint, he elicited some pain.

"*Q.* And in your opinion, might this condition such as you observed on your examination of this leg, as you have described, in the region you have referred to, have resulted from the injuries which he sustained, as the history disclosed to you?

"*A.* Yes, sir.

"*Q.* And in your opinion, is that condition permanent?

"*A.* I will give you the same answer to that as the other.

"*Q.* Temporarily permanent, that is probably a good way to put it. Is that right?

"*A.* I would say so, yes.

"*Q.* In other words, it will extend in the future, but for just how long, you can't say?

"*A.* That is right.

"*Q.* It may disappear as time goes on, and it may not?

"*A.* Yes, sir."

Mortality tables were introduced in evidence by plaintiff, over objection, because of the claim of permanent injuries and the court later charged the jury to strike them from their memories and to disregard them because "they have no place here, because there has been no proof of permanent injury."

In *Brininstool* v. *Railways Co.,* 157 Mich. 172, 180, the court said:

"It is the generally accepted rule that to entitle a plaintiff to recover damages presently for apprehended future consequences of an injury, there must be such a degree of probability of such consequences as to amount to reasonable certainty that they will result from the original injury. *Strohm* v. *Railroad Co.,* 96 N. Y. 305; *Briggs* v. *Railroad Co.,* 177 N. Y. 59 (69 N. E. 223, 101 Am. St. Rep. 718); 12 Am. & Eng. Enc. Law (2d Ed.) p. 450. See *Collins* v. *City of Janesville,* 99 Wis. 464 (75 N. W. 88)."

See, also, *Deneen* v. *Railway Co.*, 150 Mich. 235 (13 Ann. Cas. 134) ; *Kethledge* v. *City of Petoskey*, 179 Mich. 301; *Norris* v. *Railway*, 193 Mich. 578.

The testimony did not tend to show such probability of future injury as to amount to a reasonable certainty that the consequences suggested will result from the original injury. The trial judge, therefore, was not in error either in charging the jury to disregard the mortality tables or in finding there was no proof of permanent injury.

The jury's award of $500 was confined to Gardner's damages for pain and suffering.

Did the court's refusal to disturb the jury's award constitute an abuse of discretion?

The extent of young Gardner's damages was fairly submitted to the jury.

''The granting of a new trial rests in the judicial discretion of the trial court. If in view of the evidence it appears that the verdict is inadequate, he may set it aside on his own motion or on motion of a party.

'' 'The trial court has discretionary power in a personal injury case to set aside the verdict rendered, and order a new trial, of its own motion, if it deems the award insufficient.' *Fort Wayne & Belle Isle R. Co.* v. *Wayne Circuit Judge* (syllabus), 110 Mich. 173.'' *Deffenbaugh* v. *Inter-State Motor Freight Corp.*, 254 Mich. 180, 183.

See, also, *Lee* v. *McCormick*, 279 Mich. 120.

A review of the testimony leads us to the conclusion that the trial judge did not abuse his discretion in refusing to grant a new trial on the ground that the jury's award of $500 damages for pain and suffering was inadequate. *Walters* v. *Railway*, 183 Mich. 549 (Ann. Cas. 1916B, 382).

The judgment is affirmed, with costs to appellee.

FEAD, C. J., and NORTH, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred with BUSHNELL, J. WIEST, J., concurred in the result.