MARTIN, APPELLEE, *v.* THE CINCINNATI STREET RY. CO., APPELLANT.

(Decided November 21, 1938.)

*Messrs. Morris & Barbour,* for appellee.
*Mr. Leo J. Brumleve,* for appellant.

MATTHEWS, J. A jury returned a verdict for $5,000 for the plaintiff in the Common Pleas Court of Hamilton county, and, after overruling the defendant's motion for a new trial, that court entered judgment upon the verdict. It is from that judgment that this appeal on questions of law was taken.

Various errors are assigned for the reversal of this judgment.

(1) It is claimed that the verdict is manifestly against the weight of the evidence. This assignment has required the reading of the voluminous bill of exceptions—which has been done—but after that task has been completed and the record of the evidence weighed, we are unable to say that the trial court was manifestly wrong in entering judgment, but are of the opinion that the evidence does not sustain the amount for which judgment was rendered.

The action was based on a collision between one of the defendant's street cars and an automobile operated by the plaintiff, and was to recover damages for personal injuries received as a result. It is admitted that the automobile was parked next to the curb and then moved from that position into the street car track. The plaintiff's evidence, found in the testimony of several witnesses, tended to prove that the street car was some distance away when the plaintiff gave a signal that he intended to start and move onto the track; that he had ample time to do so if the street car had been operated at a reasonable speed; that he pro-

ceeded past two automobiles that were parked along the curb in front of his automobile; and that he had proceeded a distance of about 75 feet, and was in the act of turning from the tracks to the space between the track and the curb, when the right front corner of the street car struck the left rear corner of his automobile. The defendant's evidence tended to prove that the plaintiff never got onto the tracks, but that he moved from the curb directly into the side of the street car, although the point of collision between the two vehicles, indicated by the testimony of the defendant's witnesses, would seem to indicate that the automobile was leaving the tracks rather than approaching them at the time of the collision. In any event the evidence presented a case of conflicting inferences to be drawn, and the law has constituted the jury as the tribunal to draw the inferences in such a situation. An issue of fact was presented.

It is said that the plaintiff and some of the witnesses were so discredited that they were unworthy of belief. This contention is based largely on the fact that the plaintiff failed to disclose promptly that he had a lump or enlarged gland in his throat, that he had had typhoid fever, and had received an injury to his head, all prior to this collision.

The concealment referred to took place at the taking of the plaintiff's deposition, shortly after the action was filed. An examination of the questions asked of the plaintiff disclosed that some of them were general in nature, and did not specifically direct his attention to the physical ailments that it is claimed he concealed. But he was asked whether he had had any "swelling on or around his throat," and whether he had had "the attention of any physician or surgeon treating you for any condition for a year before May 24, 1934," and whether he had had any attention of any doctor "for any physical condition whatever or any illness." Although these questions were repeated,

he answered all of them in the negative. These questions would have resulted in the disclosure of these things from a normal and intelligent witness. When we consider that questions no more definite, propounded at the trial, were sufficient to stimulate his memory and direct his attention to these things that might affect the state of his health at the time of the collision, we are forced to the conclusion that the plaintiff was anything but frank and cooperative in the search for the truth at the taking of his deposition. Undoubtedly, such conduct would be a matter of serious consideration by the jury in determining his credibility as a witness.

Now the trial court saw the plaintiff and the other witnesses on the stand and reached the conclusion that this verdict was sustained by sufficient evidence. We cannot say from a reading of this record that it was wrong upon the issue as to the cause of the collision. As to that, there are facts and circumstances corroborative of the plaintiff which lead us to the conclusion that it cannot be said that a judgment for the plaintiff in any amount is or would be manifestly against the weight of the evidence. It does force us to the conclusion that the plaintiff was afflicted with a condition described as adenoma of the thyroid gland with hyperthyroidism, that the operation he underwent was the result of that pre-existing condition and not of the collision, and that his nervousness sprang from the same source. We are convinced that a judgment for an amount based on the hypothesis that all the pain, suffering, and incapacity to which the plaintiff was subject after this collision resulted from it, is manifestly against the weight of the evidence.

(2) Next, it is urged that the court erred in permitting Dr. Heyn to testify to the fact that he discovered a lump in the pit of the plaintiff's stomach and an anæsthesia of the skin on an examination of the plaintiff shortly prior to the trial. It is claimed that no

such injury was alleged in the amended petition. The plaintiff did allege injury to the chest and the muscles of his back and also a severe nervous shock. Whether the things to which Dr. Heyn testified were simply developments from the alleged injuries is not disclosed. There was no attempt to connect them with the accident and they were not submitted to the jury as an element of the plaintiff's damage. The plaintiff did not amend his petition to include them as suggested by the court. This may have resulted from his conclusion that he could not connect them with the accident. The court postponed its ruling upon the admissibility of the evidence to await developments, and the defendant did not renew its objection in any form.

We conclude that this is no ground for reversal.

(3) The plaintiff asked Dr. Heyn this question:

"Q. It is stated following this operation which was a removal of a cyst, adenoma of the thyroid gland that he is still nervous; how do you account for that?"

To which he answered:

"A. Well often time that persists for years, may last during his entire lifetime; the damage has been done."

It is urged that the court erred in overruling the defendant's motion to exclude this answer.

It is claimed that this violates the rule that recovery for future pain and suffering is limited to such as are reasonably certain to occur. There is no doubt that such is the limit of recovery. But in the introduction of evidence it would seem that the usual method of arriving at the quantum of proof required by the law is to present evidence item by item and by degrees. To bring a prospective damage within the range of possibility would seem to be one step toward the final requirement of reasonable certainty. While the specific question and answer contemplate a mere possibility, they are preceded and followed by testimony from the same witness giving his positive opinion

that the present condition of the plaintiff is permanent. This satisfies the requirement that there must be evidence from which the jury could reach a conclusion as to what, if any, pain it was reasonably certain the plaintiff would suffer.

(4) Next, it is urged that the court erred in charging the jury on the measure of damages that it had the right to consider the "reasonable likelihood" of loss of wages continuing in the future and his injuries, reducing his ability to earn a livelihood in the future. On this subject the court charged the jury as follows:

"You have the right to take further into consideration whether or not the plaintiff has lost any wages as the direct result of the injuries sustained in this collision and have the right to consider the reasonable likelihood of this loss continuing in the future; you have the right to take into consideration the reasonable medical expense to which the plaintiff has been put and have the right to take into consideration the effect of the injury sustained by the plaintiff in his future ability to earn a livelihood; taking all these elements into consideration, you will determine in your own minds that sum which you feel will fairly and justly compensate the plaintiff for the damage he has sustained."

The rule in Ohio is that prospective damages are limited to those that are proven with reasonable certainty. *Pennsylvania Co.* v. *Files,* 65 Ohio St., 403, 62 N. E., 1047; *Leopold* v. *Williams,* 54 Ohio App., 540, 8 N. E. (2d), 476; *Toledo Rys. & L. Co.* v. *Poland, Gdn.,* 7 Ohio App., 397. This is in harmony with the prevailing rule in most jurisdictions. 15 American Jurisprudence, 814 and 819, Sections 376 and 380. In some jurisdictions a rule phrased somewhat differently prevails. Although differing as to the exact rule, the courts are agreed that there is no rigid rule of nomenclature requiring the rule to be expressed in terms of unvarying identity. Equivalent language may be

used. *Herb* v. *Hallowell*, 304 Pa., 128, 154 A., 582, 85 A. L. R., 1004, with annotations.

While the use of phrases that have received judicial sanction should be encouraged, a reviewing court is limited in its jurisdiction to a determination of whether prejudicial error is shown by the record. To say that a jury was misled by a difference in meaning of "reasonable certainty" and "reasonable likelihood" would, in our opinion, be giving legal sanction to a refinement in the meaning of language that approaches the metaphysical. When "reasonable likelihood" of loss of wages in the future is limited as it is in this charge to the loss that is "the direct result of the injuries sustained," it seems clear to us that the rule of reason is pronounced and the jury excluded from the field of fancy, speculation, and conjecture. We are of the opinion that this charge would have the same effect in restraining the jury from awarding damages on mere speculation as would the use of the phrase "reasonably certain."

(5) Finally, it is urged that the court erred in charging on the effect of a violation of a city ordinance. The court charged that the violation of an ordinance requiring that street cars should be operated at a reasonable and proper speed, consistent with existing surrounding circumstances, would be negligence. We find no prejudicial error in so charging. *Swoboda* v. *Brown*, 129 Ohio St., 512, 196 N. E., 274.

We find no other error, prejudicial to the appellant.

Our conclusion is that this judgment for $5,000 is manifestly excessive, that it is based on the premise that the thyroid condition was aggravated by the injuries received in this accident, and in that respect is manifestly against the weight of the evidence. There is evidence of substantial injury caused by the collision of the two vehicles, and we are of the opinion that there is sufficient evidence in the record to sustain a verdict for $2,500. If the appellee agrees to a remit-

382

titur of $2,500, the judgment will be affirmed, as modified. If not, the judgment will be reversed and the cause remanded for a new trial.

*Judgment accordingly.*

Ross, P. J., and HAMILTON, J., concur.