Carrell R. HILL, et al., Plaintiffs,

v.

Dorothy J. DIEBOLD, et al., Defendants.

No. C–1–94–381.

United States District Court,
S.D. Ohio,
Western Division.

May 23, 1995.

Martin Joseph Huelsmann, Ft. Mitchell, KY, Lee E. Sitlinger, Louisville, KY, for plaintiffs.

George Gregory Lewis, Cincinnati Ins. Co., Cincinnati, OH, for defendants.

### ORDER

STEINBERG, United States Magistrate Judge.

In Ohio, a plaintiff is entitled to an award of damages to compensate him for losses he is "reasonably certain" to incur in the future. *Galayda v. Lake Hosp. Sys., Inc.,* 71 Ohio St.3d 421, 644 N.E.2d 298 (1994) (*citing Pennsylvania Co. v. Files,* 65 Ohio St. 403, 62 N.E. 1047 (1901). The principal purpose of the "reasonable certainty" rule is to prevent the jury from speculating about future damages. *Johnson v. English,*

5 Ohio App.2d 109, 214 N.E.2d 254, 260 (1966). Jury instructions which allow damages for pain and suffering which plaintiff would "probably" endure in the future have been upheld because they fulfill this purpose, *Johnson,* 214 N.E.2d at 260, and also for the reason that the term "reasonable certainty" has been construed as "reasonable probability," as opposed to absolute certainty, *Great Atlantic & Pacific Tea Co. v. Hughes,* 53 Ohio App. 255, 4 N.E.2d 700, 705 (1935), *aff'd* 131 Ohio St. 501, 3 N.E.2d 415 (1936); *see Rogers v. Sullivan,* 410 S.W.2d 624, 628 (Ky. 1966).

To justify a recovery of future losses, the evidence should enable the jury to find that there is a reasonable certainty that those losses will occur. *Toledo Railway & Light Co. v. Poland,* 7 Ohio App. 397, 400 (1914); *Martin v. Cincinnati St. Ry Co.,* 61 Ohio App. 375, 22 N.E.2d 735, 737 (1938). Since expert witnesses may be unwilling to state what results are reasonably certain to follow—perhaps because it is impossible to predict future losses with certainty—they may testify as to the results which will probably follow. *Great Atlantic & Pacific Tea Co.,* 4 N.E.2d at 705; *Toledo Railway & Light Co.,* 7 Ohio App. at 400–401. To determine whether there is evidence from which the jury could reach a conclusion as to what, if any, losses it was reasonably certain plaintiff would endure, the expert's answers are considered in light of all his testimony. *Becker v. Lake County Memorial Hospital West,* 53 Ohio St.3d 202, 560 N.E.2d 165, 170 (1990); *see Martin,* 22 N.E.2d at 737. The absence of explicit testimony that the future losses are reasonably certain to occur or even reasonably probable to result is not determinative. *Id.*

Dr. Ford testified in his deposition that Mrs. Hill's condition is permanent and will worsen, with a reasonable degree of medical probability. (Tr. 35). He recommends that she have a skin graft operation performed as the only possible solution because he can only provide her with medication to lessen her pain. (Tr. 28, 33–34). He states that she is a viable candidate for such surgery and the only reason it has not been performed is because Dr. Garrett, the surgeon, will not operate on patients involved in litigation. (Tr. 83–84). There is no indication in the record, from a reading of the totality of his testimony, that Dr. Ford's views on this matter are speculative or uncertain, despite the absence of the language "to a medical certainty." Dr. Ford also testified to a medical probability that Mrs. Hill would need a total knee replacement operation in the future (Tr. 37), although he could not be absolutely certain as to when that would be required. (Id.). He stated that the soonest time would be within 5 years. (Tr. 38). He further testified that the knee replacement would "probably" not last for the remainder of plaintiff's life (Tr. 42), and that she would need a second surgery within 15 years. (Id.). Dr. Ford testified within a reasonable medical probability that plaintiff has a 20% functional impairment that would increase over time. (Tr. 45–46).

With regard to Mr. Hill, Dr. Ford testified that his injury is permanent, within a reasonable degree of medical probability. (Tr. 40, 45). He then elaborated on the nature of the injury and its effect on Mr. Hill's activities. (Tr. 40–48). Although Dr. Ford did not use the "medical probability" language in the remaining portion of the deposition to which defendant objects (Tr. 40–48), such language is not a prerequisite to its admissibility.

In a situation similar to that in this case, the Court held that the use of the term "reasonable probability" was not improper, and that the trial court did not err in overruling a motion in limine. *Ward v. Herr Foods, Inc.,* Case No. 456, 1990 WL 118868 at *3, 1990 Ohio App. LEXIS 3429 at *8 (Ohio Ct.App.1990). In Ohio the law is clear that the questioner need not use the magic words "reasonable certainty" in questioning a medical expert. *Id.,* 1990 WL 118868 at *4, 1990 Ohio App. LEXIS 3429 at *9 (citing *Roberts v. Mutual Mfg. & Supply Co.,* 16 Ohio App.3d 324, 475 N.E.2d 797 (1984)).

In sum, the testimony of Dr. Ford is sufficiently non-speculative to support a finding of future disability and resulting expenses within a reasonable certainty. Of course, it is still for the jury to ultimately determine the credibility of this evidence. In this regard, Defendants' counsel is permitted to

argue that this evidence is too speculative to rely upon.